JACKSONVILLE, ST. AUGUSTINE AND HALIFAX RIVER
RAILWAY COMPANY, APPELLANT, VS. HENRY
MITCHELL, APPELLEE.

CARRIERS OF PASSENGERS—BAGGAGE—WHEN HUSBAND CAN SUE FOR
LOSS OF BAGGAGE OF WIFE.

Where husband and wife are traveling together over a railway
whose business it is to carry passengers and their baggage,
and the husband purchases the tickets representing the fares
of himself and wife, and has his own and his wife's baggage
checked to the point of their destination, himself receiving
the checks representing the railway's receipts for such baggage,
and the railway company loses or fails to deliver at the agreed
point the trunk thus checked of the wife, containing her wear-
ing apparel and that of her child: *Held*, That under these cir-
cumstances the husband can, in his own name alone, without
joining his wife, maintain an action for damages upon the
contract thus made with him for the carriage of himself and
wife and their baggage, for the breach thereof by the railway
in failing to deliver the baggage of the wife. That in such
case, although the general ownership of the lost trunk and its
contents is in the wife, the husband has such a *special* owner-
ship therein as will entitle him to recover in his own name
alone, the value of such lost trunk and its contents as his dam-
ages for the breach of the contract made with him for the safe
carriage and delivery: *Held further*, That a recovery by the
husband in such case is a complete bar to any subsequent suit
upon the same cause of action that might be instituted by the
wife.

Appeal from the Circuit Court for St. Johns
county.

The facts in the case are stated in the opinion of the
court.

*T. M. Day, Jr.*, for Appellant.

*J. W. Henderson*, for Appellee.

TAYLOR, J. :

The appellee sued the appellant in assumpsit in the Circuit Court for St. Johns county, the declaration being as follows: "For that the plaintiff, at the defendant's request, on or about the 5th day of December, A. D. 1885, delivered to the defendant, then being a common carrier of passengers and their baggage for hire, and for which baggage the defendant gave to the plaintiff a receipt therefor in the form of a metal check, the plaintiff being a passenger for hire at the time from Jacksonville, Fla., to St. Augustine, Fla., on a regular passenger train of the defendant, baggage of the plaintiff to be taken care of and safely and securely carried by the defendant as such common carrier from Jacksonville, Fla., to St. Augustine, Fla., and then to be delivered by the defendant to the plaintiff for reward in that behalf; yet the defendant did not take care of and safely and securely carry and deliver the said baggage or any part thereof for the plaintiff, but through negligence and want of care and skill, failed to carry and deliver the same, to the plaintiff's damage of $300, and therefore he brings suit." The bill of particulars attached to the declaration, as an exhibition of the contents of the lost trunk, showed that it contained chiefly the wearing apparel of the wife and child of plaintiff. To this declaration the defendant pleaded: 1st. Non-assumpsit. 2d. Not guilty. The trial resulted in a judgment for the plaintiff in the sum of $167.24, inclusive of costs. From this judgment the defendant appeals.

The errors assigned present practically but one point for decision. The suit is brought in the name of Henry Mitchell and is in form, we think, *ex contractu*, for the breach by the defendant railway company o

JUNE TERM, 1893.      79

Jacksonville, St. A. & H. R. Ry. Co. v. Mitchell.—Opinion of Court.

its undertaking, for hire, safely to carry the plaintiff's baggage from Jacksonville to St. Augustine, and, at the latter point, to deliver the same to plaintiff as per its contract. The proof shows that the plaintiff and his wife were traveling together from Jacksonville to St. Augustine, their baggage consisting of two trunks. At the defendant's Jacksonville depot the plaintiff bought two tickets over the defendant's road to St. Augustine, and had his two trunks checked for the latter point, the defendant's baggage master delivering to him therefor two of the metalic checks in customary use as receipts for baggage. One of the trunks was safely delivered to the plaintiff at St. Augustine, but the other never came to hand. At the trial the lost trunk and the major part of its contents, consisting chiefly of the wearing apparel of the plaintiff's wife and child, were proven to be the property of the plaintiff's wife. The substance of the defendant's contention in its motion for new trial, and in the instructions requested by it to be given to the jury, and that were refused by the court, and in the argument here, is, that there was such a variance between the allegations as to the ownership of the lost trunk in the declaration and the developments disclosed in the proofs that the plaintiff could not recover in a suit instituted by him alone, but that his wife, to whom the lost trunk and its contents belonged, should have been joined as a party plaintiff before recovery could be properly had upon the proofs made. As before stated, we think the suit is in form *ex contractu* for damages resulting to the plaintiff from the breach by the defendant of its *contract made with the plaintiff* to carry him and his wife and their baggage safely from one point on their road to another, and there safely to deliver to him such baggage. The contract, from the proofs, was

made *with the plaintiff*. He purchased the tickets representing the fare charged by the defendant for such carriage, and had the trunks checked, and to him the defendant delivered its receipts for such baggage in the form of metalic checks. The defendant has violated its contract so made with the plaintiff, in its failure to deliver one of the trunks, as it agreed with the plaintiff to do, at the point agreed upon. For this breach the plaintiff sues. The issue presented in the case was, did the defendant so contract, and did it carry out its agreement; or did it violate it. Those were the vital issues in the cause, and, while the *ownership* of the goods lost, when undertaken to be carried *as baggage*, does, in some cases, play some part in suits brought for the loss thereof, still in a case like this, it is of minor importance, the real issue being the breach of the contract, the goods lost and their value coming in chiefly as a guide to the admeasurement of the damage sustained in consequence of the breach of the contract. In such case, where there is a *special property* in the goods to be carried resting in one, although the general property therein rests in another, such *special ownership* therein is sufficient to warrant the former in maintaining a suit in his own name alone for the redress of a violated contract, made with him, to carry and deliver such goods. Denver, S. P. & P. R. R. Co. vs. Frame, 6 Col., 382; Freeman vs. Birch, 3 Adolph. & E., 835; Blanchard *et al.* vs. Page *et al.*, 8 Gray, 281; Dunlap vs. Lambert, 6 Clark & Finnelly, 600; Great Western Ry. Co. v. McComas, 33 Ill., 185. And a recovery had in such case by the person having such *special ownership* will be a complete bar to any subsequent suit upon the same cause of action that may be instituted by the person having the general property in the

goods lost. Green vs. Clark, 13 Barb., 57; Great Western Ry. Co. vs. McComas, *supra*; Denver, S. P. & P. R. R. Co. vs. Frame, *supra*; Owners of Steamboat vs. McCraw, 26 Ala., 189.

Our statute (sec. 6, p. 754, McClellan's Digest, sec. 2071, Rev. Stat.), while it permits the separate and independent ownership by the wife of all kinds of property, real and personal, expressly provides that her property shall remain in the care and management of her husband. In this case the proof shows that while the wife, with her baggage, was traveling over the defendant's road in the company and under the care of her husband, the defendant carrier contracted *with the husband*, he paying the fares therefor, to carry him and his wife and their baggage, and their baggage safely to deliver; they have failed to comply with their contract in not carrying and delivering the trunk of the wife; under these circumstances the husband has such a *special* ownership in the lost trunk and its contents as authorizes him to maintain the action, as it has been instituted, in his own name alone. From this view of the case, there was no error in the instructions given to the jury, and none in the refusal of those discarded. From the proofs we do not think the damages found by the jury were excessive.

The judgment appealed from is affirmed.