PATTERSON *v.* THE AUGUSTA & SAVANNAH RAILROAD CO.

Where the action against a common carrier is upon the contract to safely carry, although the breach alleged resulted in injuries to the person for which damages are sought to be recovered, the action is one *ex contractu*, and is not barred until four years after the breach, notwithstanding the statute applicable to actions *ex delicto* bars actions for injuries to the person unless the suit be brought within two years after the right of action accrues.

July 16, 1894.

Action for damages. Before Judge EVE. City court of Richmond county. November term, 1893.

The petition of Patterson alleged, that the railroad company was indebted to him $25,000; for that on May 4, 1889, defendant, being a common carrier of passengers for hire, in consideration of a certain price paid by him undertook and promised to convey him from Augusta to Waynesboro with due care and safety, and to safely deposit him at Waynesboro, and to afford him all reasonable and proper opportunities safely to alight from the train. The train arrived at Waynesboro about twelve o'clock at night. Within two or three hundred yards of defendant's depot the conductor or other agent of defendant called out "Waynesboro" to and in the hearing of plaintiff, this being the customary mode by which defendant's employees announced arrival at said point; and immediately following this announcement the train came to a stop at or near the depot. It being dark and plaintiff being unable to see exactly where the train had stopped, and relying upon such announcement, and believing it had stopped at the depot to allow him and other passengers for Waynesboro to alight, and relying upon defendant's contract to afford a reasonable time for him to alight, he proceeded with due diligence and caution to get off the train, and for this purpose started down the steps on the right hand side of the passen-

ger-coach. When he reached the bottom step and was in the act of stepping to the ground, he was forcibly thrown down by a sudden and violent and improper movement of the train, causing him to fall to the ground, and his right arm fell upon the rail of the track and was crushed by the car-wheels. The foregoing conduct was a direct breach of defendant's contract with him, and in consequence thereof he was damaged in several alleged particulars, including $10,000 for permanent injury by loss of his arm, $15,000 for being incapacitated to practice his profession as a dentist, $1,000 for medical attention, etc. The declaration was filed on February 1, 1893. Defendant demurred on the grounds, that it set forth no cause of action, and that it was barred by the statute of limitations. The demurrer was sustained, and plaintiff excepted.

J. R. LAMAR and COLLEY & SIMS, for plaintiff.
LAWTON & CUNNINGHAM and J. C. C. BLACK, *contra.*

SIMMONS, Justice.

Patterson brought his action against the Augusta & Savannah Railroad Company, alleging that he had made a contract with it, whereby it agreed for a certain consideration to transport him safely from the city of Augusta to the city of Waynesboro, on the line of its railroad, and that there was a breach of the contract, in that it did not transport him safely, but that he was injured and damaged by the loss of his arm. Where a person makes a contract of this kind with a common carrier, and he is injured by the negligence of the carrier, he has two remedies, one an action for the breach of contract, the other an action on the case for the wrong, and he may elect which remedy he will pursue. If he elects to bring an action for the breach of contract, he has, under the code, four years within which to bring it; if he elects to sue upon the tort, he has two years.

Code, §§2923, 3060. If he sues upon the breach of con-
tract and there is a final adjudication of this suit upon
the merits, he cannot afterwards sue the same defendant
on the tort. The plaintiff in this case having brought
his action for a breach of the contract, and four years
not having elapsed before the filing of the suit, he was
in time ; and if he proves the contract alleged with this
particular defendant or one of its agents who was au-
thorized to make it, and the alleged breach and injury
resulting therefrom, we see no reason why he cannot
recover. See Code, §2955 ; Hutchinson on Carriers, §790.

*Judgment reversed.*