**ISABELLA DOYLE v. CITY OF CORAL GABLES, a municipal corporation.**

33 So. (2nd) 41
December 9, 1947
Rehearing Denied January 12, 1948

June Term, 1947
Division A

*Murrell, Fleming & Flowers,* and *M. F. Zarowny,* for appellant.

*Blackwell, Walker & Gray* and *Edward L. Semple,* for appellee.

TERRELL, J:

Appellant sued appellee in the Circuit Court to recover damages for personal injuries. The declaration was in four courts based on negligent breach of an implied contract. A demurrer to the declaration was sustained, final judgment was entered for the defendant and plaintiff prosecuted this appeal.

The trial court reached the conclusion that the action sounded in tort rather than on contract, and sustained the demurrer to the declaration on authority of Banfield v. Ad-

dington, 104 Fla. 661, 140 So. 893, wherein this Court among other things held:

"Where a transaction complained of has its origin in a contract for service which places the parties in such a relation to each other that in attempting to perform the promised service a tort is committed, then the breach of the contract is not the gravamen of the suit brought to recover damages for the tort, And in such case the contract is considered mere inducement, creating the state of things which furnishes the occasion of the tort, but not the basis of recovery for it, and in all such cases the remedy is an action ex delicto of the case."

In Banfield v. Addington we were confronted with the old common law rule of non liability of a married woman for her torts. In that case a married woman operating a beauty parlor was being sued for a tort committed by one of her servants on a client who had applied for a permanent wave. In manipulating the permanent wave the machine was permitted to become too hot, the client's scalp was badly scorched and her coiffure was debeautified. In sustaining the demurrer to the declaration the trial court in effect held that the operator of the beauty parlor was not liable in damages to the client, the reason being that she was a married woman.

On appeal this Court reversed that judgment and held the operator of the beauty parlor liable on the theory that the law allowed her to engage in business separate and apart from her husband, that she could employ servants to operate the business and was responsible for their delicts. No other question was before the court. The action was admitted to be one in tort and there was no contention to the contrary, so what was said on that point was purely obiter and unnecessary to decision of the main question in the case. The opinion however recognized that instances might arise in which one could pursue his remedy in tort or on contract. It is not necessary to enlarge on these distinctions here. It is enough to say that for this and other reasons we do not think Banfield v. Addington rules this case. It created an anachronism in the law that we hope what has been said will correct.

In the case at bar defendant was a common carrier of passengers for hire. Plaintiff paid her fare and was accepted

as a passenger for transportation by defendant but alleges that she was injured before she reached her destination because of defendant's negligence in operating the bus on which she was riding. She elected to sue for breach of the contract to deliver her safely. The real question for determination is whether she may exercise her election to sue on contract or is she limited to her remedy in tort?

We think this court is committed to the doctrine that a passenger for hire claiming damages for personal injuries, due to the negligence of a common carrier, has his election to sue in tort or on contract to recover for the wrongful injury. Jacksonville St. Ry. Co. v. Chappell, adm'x, 22 Fla. 616, 1 So. 10; Jacksonville S.A.&H.R. Ry. Co. v. Mitchell, 32 Fla. 77, 13 So. 673; Florida Ry. Co. v. Dorsey, 59 Fla. 260, 52 So. 963; Patterson v. Augusta & S. R. Co. 21 S.E. 283, 94 Ga. 140; Corpus Juris Secundum, Sec. 50, pp. 1128 and 1129.

The net result of these holdings is that there is some conflict of authority as to the circumstances under which an injured party may waive his right to sue in tort and ground his action on contract, but all agree that it may be done if there is a contract express or implied, or if the matter out of which the cause of action arises partakes of both contract and tort. The instant case is well within the rule.

In People v. Wood, 24 N.E. 952, 121 N.Y. 522, 529, the New York Court held that the right of the plaintiff to waive his right of action in tort and sue on contract, whether express or implied, is beyond question and there is no power either with the defendant or in the Court to compel them to proceed in tort. This rule seems to be the one based on the sounder reasoning. It also comports with one of the first academic precepts tossed to the law students on commencing the study of law—for every wrong there is a remedy. Adjective law precepts should be construed to aid rather than to defeat the remedy.

In this holding we do not overlook the contention of appellee that when a contractual relation exists along with a duty that arises from the circumstances attending the transaction, the breach of the duty sounds in tort and the tortious act is the gravamen of the action. The contract it contends is

the main inducement creating the condition which furnishes the occasion for the tort, and the one who complains must sue in tort.

We have examined the cases on which appellee bases this contention but in the main they are predicated on factual backgrounds materially different from those in the case at bar. Even if some or all of them might be construed as supporting the case at bar, we are convinced that this court is committed to a different rule.

We therefore hold that appellant had her election to sue in tort or on contract, that when she elected to sue on contract the requirement of notice to the city before bringing the action, if otherwise enforceable, became immaterial. It follows that the trial court committed error in sustaining the demurer to the declaration, so his judgment is reversed with directions to proceed accordingly.

Reversed.

THOMAS, C. J., CHAPMAN, and SEBRING, JJ., concur.