58 So.2d 862 (1952)
HOLBROOK et Ux.
v.
CITY OF SARASOTA.
Supreme Court of Florida, Special Division B.
May 2, 1952.
Rehearing Denied June 3, 1952.
Edwin J. Kennedy and Lynn Silvertooth, Sarasota, for appellants.
Williams, Dart & Bell, Sarasota, for appellee.
MATHEWS, Justice.
The declaration in this suit contained 8 counts. The first count of the declaration is as follows:
"On or about August 25, 1949, and continuously since said date, and for a long time prior thereto, the defendant operated for profit, within its corporate limits, for the treatment and care of persons requiring medical attention and surgery, an institution known as the Sarasota Municipal Hospital."
"On or about August 25th, 1949, the plaintiff, Mae L. Holbrook, entered said hospital for the removal of a catarac from her eye, the defendant, through its servants and employees, who were then and there acting within the scope of their employment, then and there orally agreeing, in consideration of a pecuniary compensation to be paid therefore to said hospital by the plaintiff Mae L. Holbrook's husband, to furnish the plaintiff with nursing care and attention required for *863 her safety both before and after said operation.
"The defendant breached said contract, however, in that on or about the night of August 25th, 1949, after said operation, the defendant, acting by and through its servants and employees, who were then and there acting within the scope of their employment, so negligently, carelessly and unskillfully cared for and attended the plaintiff, Mae L. Holbrook, that before she had regained full control of her faculties and while her eyes were bandaged, she was permitted to fall from her bed to the floor, proximately resulting in serious personal injuries to the plaintiff, Mae L. Holbrook, described as follows:"
Appropriate allegations then follow concerning the injuries received and a claim for damages.
The other counts of the declaration allege the same facts and some additional facts not necessary to set forth here.
The defendant City filed a demurrer to the declaration, which among other grounds contained the following:
"Because it does not appear and it is not alleged in said declaration or any count thereof that written notice was given to the City Attorney within thirty (30) days after the alleged injuries to plaintiff, Mae L. Holbrook, as required by Section 196 of the City Charter of the City of Sarasota."
The Circuit Judge sustained the demurrer to the declaration and each count thereof and allowed the plaintiff 15 days within which to file an amended declaration. The plaintiff refused to plead further and after due notice, the Circuit Judge entered the final judgment against the plaintiff, from which this appeal is prosecuted.
Only one question is presented by the briefs and arguments before the Court. It is: "Where the Charter of the City of Sarasota provides that no suit shall be maintained against the City for damages arising out of its failure to keep in proper condition any sidewalk pavement, viaduct, bridge, street, waterworks, electric light plant, municipal docks and terminals, or other public place, neither shall any suit be maintained against the City arising out of any other tortious action or actions sounding in tort, unless it shall be made to appear that written notice of such damage was within thirty days after receiving of the injury given to the City Attorney with such reasonable specifications as to time and place and witnesses as would enable the proper city officials to investigate the matter, and a cause of action is brought for breach of contract, express or implied, to furnish nursing care and attention to patient in City Hospital, who is injured by being permitted to fall from her bed, is it necessary to allege that notice was given to the City Attorney?" The lower court answered this question in the affirmative.
It is the contention here of the appellants that the cause of action is for a breach of contract and that the charter provision of the City with reference to the written notice does not apply. It is argued on behalf of the appellee that the words "or action sounding in tort" makes the giving of the notice a prerequisite to maintaining the suit against the City.
In a recent case, Suwannee County Hospital Corp. v. Golden, Fla., 56 So.2d 911, 913, in an opinion by Justice Thomas, we held:
"It is our view that one who enters a hospital of the type of appellant and pays for the professional services he receives is entitled to the same protection, and under our constitution, to the same redress for wrongs, that he would be entitled to had he had the same experience in a privately owned and operated hospital. And it bothers us not at all that the corporation is called `non-profit,' the `net earnings' to be `placed in its reserve fund, and used for hospital purposes.' True, these `net earnings' do not reach the pocket of any individual, but we can see no impropriety or illogic in making them available for the sick who have been injured by mis-treatment as well as those who seek a restoration of health by proper treatment.
"At least as to those who are paying patients like appellee, the hospital is operated in a proprietary capacity, and they may not be divested of constitutional rights by the attempted statutory immunization. As to persons of that classification, the hospital is the same as if it were privately maintained, its duty to the patient is the same, and it should be equally responsible for its torts."
In the case of Parrish v. Clark, 107 Fla. 598, 145 So. 848, 850, we held:
"The right of action on the contract and the right to sue for the breach of the collateral duty are distinct, the only limitation on a suit for either or both being that the same party cannot be compensated twice over for the same *864 wrong, once for the breach of contract and again for the tort. Flint & Walling Mfg. Co. v. Beckett, 167 Ind. 491, 79 N.E. 503, 12 L.R.A.,N.S., 924, text 933."
Even though it may have been proper, if plaintiff so desired, to have brought a tort action, they elected not to do so and brought a suit based upon the breach of a contract. The mere fact that breach of a contract may be a wrong, does not compel a party to bring his action in tort. This action is brought on contract even though it may have been brought in tort. The courts are open for the parties to bring the action on contract and not in tort in such a case.
The case of Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41, is decisive of this case. In that case the City of Coral Gables operated a bus line as a common carrier. Suit was instituted against the city to recover for personal injuries sustained by the plaintiff while a passenger on the city's bus on the ground that there was a breach of an implied contract. The demurrer to the declaration was sustained and a final judgment entered for the city. The plaintiff appealed.
The trial court sustained the demurrer on the authority of Banfield v. Addington, 104 Fla. 661, 140 So. 893.
The appellee relies upon the case of Banfield v. Addington, supra. In the opinion by Justice Terrell in the case of Doyle v. City of Coral Gables, supra, he analyzed the case of Banfield v. Addington, supra, and showed very clearly that such case did not apply. In the case of Banfield v. Addington, supra, the Court was confronted with the old common law rule of non-liability of a married woman for her torts. A married woman operated a beauty parlor and was sued for a tort committed by one of her servants on a client who had applied for a permanent wave. The trial Court held that the operator of the beauty parlor was not liable in damages, because she was a married woman. This Court reversed the judgment of the lower court on the theory that the law allowed the operator to engage in business separate and apart from her husband and to employ servants and she was responsible for their derelictions. The action was admitted to be one in tort and there was no contention to the contrary. After making clear the distinction between the case of Banfield v. Addington, supra, and that of Doyle v. City of Coral Gables, supra [159 Fla. 802, 33 So.2d 42], in the opinion by Justice Terrell, it was said:
"In the case at bar defendant was a common carrier of passengers for hire. Plaintiff paid her fare and was accepted as a passenger for transportation by defendant but alleges that she was injured before she reached her destination because of defendant's negligence in operating the bus on which she was riding. She elected to sue for breach of the contract to deliver her safely. The real question for determination is whether she may exercise her election to sue on contract or is she limited to her remedy in tort?
"We think this court is committed to the doctrine that a passenger for hire claiming damages for personal injuries, due to the negligence of a common carrier, has his election to sue in tort or on contract to recover for the wrongful injury. Jacksonville St. Ry. Co. v. Chappell, Adm'x, 22 Fla. 616, 1 So. 10; Jacksonville, St. A. & H.R.R. Co. v. Mitchell, 32 Fla. 77, 13 So. 673, 21 L.R.A. 487; Florida R. Co. v. Dorsey, 59 Fla. 260, 52 So. 963; Patterson v. Augusta & S.R. Co., 94 Ga. 140, 21 S.E. 283; 1 C.J.S., Actions, § 50.
"The net result of these holdings is that there is some conflict of authority as to the circumstances under which an injured party may waive his right to sue in tort and ground his action on contract, but all agree that it may be done if there is a contract express or implied, or if the matter out of which the cause of action arises partakes of both contract and tort. The instant case is well within the rule."
When a municipality is given charter powers by the Legislature to engage in business and to contract and to be contracted with, it cannot escape liability *865 for breach of a contract, express or implied, by asserting that the breach sounds in tort and the damaged person can only bring action sounding in tort. This action was brought for the breach of a contract and the charter provision requiring thirty days written notice is not applicable to this action.
Reversed with directions to set aside the final judgment and the order sustaining the demurrer to the declaration, and for further proceedings in accordance with this opinion.
SEBRING, C.J., CHAPMAN, J., and TAYLOR, Associate Justice, concur.