65 So.2d 1 (1953)
GOFF et al.
v.
CITY OF FORT LAUDERDALE.
Supreme Court of Florida, Division A.
May 8, 1953.
Rehearing Denied May 28, 1953.
J.B. Patterson, Ft. Lauderdale, for appellants.
Fleming, O'Bryan & Fleming and T.O. Berryhill, Ft. Lauderdale, for appellees.
TERREELL, Justice.
This was an action by Lee Annie Goff to recover damages for personal injuries, the complaint alleging that while she was a patient at Broward General Hospital, Fort Lauderdale, she was negligently and severely burned by agents of the Hospital in the application of a hot water bottle to her person. At the conclusion of plaintiff's case, defendant moved for directed verdict for failure to prove negligence and for failure to give 30 days notice of the injury as required by the City Charter. The court announced its intention to and did grant the motion. The plaintiff took a non-suit. This appeal was prosecuted.
It is not disputed that plaintiff was a pay patient at Broward General Hospital and that it was operated by the City of Fort Lauderdale. There is considerable controversy as to whether or not the doctrine of res ipsa loquitor applies to the facts presented. We think it at least aids the plaintiff's contention but it is our view that when the evidence as a whole is considered it presents issues that should have gone to the jury, so the trial court was in error when he instructed a verdict for defendant.
The trial court also held that the plaintiff was in error in not giving the City written notice of her claim within 30 days after receiving the injury as required by the City Charter.
Our view about this is that the plaintiff could sue in tort or on implied contract. She elected to pursue the latter and was not required to give the notice. In Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41, we held that a passenger injured because of the negligent operation of a city bus may ground her action on tort or on implied contract to deliver her safely, and that if she elected to sue on implied contract, notice to the city before bringing the action was immaterial.
*2 It is accordingly our view that the judgment appealed from must be and is hereby reversed for a new trial.
Reversed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.