70 So.2d 306 (1954)
CITY OF MIAMI
v.
BROOKS.
Supreme Court of Florida. Special Division B.
January 22, 1954.
*307 Walton, Hubbard, Schroeder, Lantaff & Atkins and Thomas N. Balikes, Miami, for appellant.
Hunter & Paoli, Hollywood, for appellee.
SPOTO, Associate Justice.
The plaintiff-appellee here brought suit for personal injury against the City of Miami, a municipal corporation, referred to as the defendant, charging in substance that on April 22, 1944, while a paying patient at the Jackson Memorial Hospital, which was being operated by the City of Miami, a municipal corporation, in a proprietary capacity, she received an overdose of x-ray therapy treatment for the removal of plantar warts from her left heel, which caused her subsequent injury and for which she seeks damages. It was alleged that the cause of her injury was the carelessness and negligence of the defendant's employees, or agents, in administering a sufficient amount of x-ray treatment, thereby causing her left heel to be burned, and that it was in the middle of August, 1949, when the plaintiff was advised and first became aware that her heel had been injured by the x-ray therapy treatment received in April, 1944; that previously there had been no indication that the plaintiff's left heel had been burned by the x-ray treatment, but gave every appearance of being healthy and in good condition; that it was about the middle of May, 1949, when a sore began to develop on the plaintiff's heel, which slowly turned into an ulcer, and that the plaintiff, on September 2, 1949, gave notice to the city, through her attorneys, of her claim. This suit was filed in the circuit court on May 11, 1950. That the x-ray treatment was the cause of injury was admitted by the defendant, the defenses being, first, that the plaintiff's claim was barred by the statutes of limitations; second, that she failed to serve upon the City of Miami written notice of her claim within sixty days after receiving the injury alleged, as required by the city charter; and third, that the plaintiff's injury was not due to the carelessness or neglect of any of its employees or agents.
The jury, under the instructions of the Court, found adversely to the defendant on the defense that the physicians and attendants were not acting on behalf of the hospital, and we see no reason to disturb this finding as it finds ample support in the record. At the conclusion of the plaintiff's case and at the close of all the testimony, the defendant moved for a directed *308 verdict on the grounds that the action was barred by the statutes of limitations, F.S. 95.11 and 95.24, F.S.A., and that the plaintiff had failed to comply with the requirement of the city charter providing for notice to be given to the city within sixty days after receiving the injury. This motion was denied by the Court on the authority of Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41. There the Court held:
"Passenger who was allegedly injured because of negligent operation of city's bus, had right to ground her action for injuries against city on breach of any implied contract to deliver her safely, and therefore requirement of notice to city before bringing action was immaterial."
To the same effect is Holbrook v. City of Sarasota, Fla., 58 So.2d 862:
"Where patient in city hospital was injured by being permitted to fall from bed, patient could properly bring action for breach of contract, express or implied, to furnish nursing care and attention, and was not required to bring action sounding in tort, and hence provision in city charter that no suit shall be maintained against city arising out of any tortious action or action sounding in tort unless written notice of such damage be given within 30 days after injury, was inapplicable to bar the action for failure to give such notice."
This action was treated by the trial court as founded on a breach of contract and as the amended declaration is susceptible to the construction, the question of the notice, or lack of notice, became immaterial.
There remains for consideration the question of the statute of limitations, which has given the Court much concern. The x-ray treatment was applied in the year 1944. The injury developed and first became known in 1949. At the time of the application of the x-ray treatment there was nothing to put the plaintiff on notice of any probable or even possible injury. The general rule, of course, is that where an injury, although slight, is sustained in consequence of the wrongful act of another, and the law affords a remedy therefor, the statute of limitations attaches at once. It is not material that all the damages resulting from the act shall have been sustained at that time and the running of the statute is not postponed by the fact that the actual or substantial damages do not occur until a later date. 34 Am.Jur. 126, Sec. 160, Limitation of Actions.
This rule was applied by this Court in the case of Cristiani v. City of Sarasota, 65 So.2d 878, which case is relied upon strongly by the appellant. In that case a servant of the city, acting within the scope of his employment, carelessly and negligently backed a truck of the city against the tricycle of a minor child, causing him to be thrown to the ground, sustaining violent blows on his head and body, which resulted in blindness of the right eye and which was not discovered until about eighteen months thereafter. The suit was held to have been barred by the statute of limitations, F.S. 95.24, F.S.A., which provides:
"No action shall be brought against any city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damages."
The Court held the running of the statute not to be postponed, even though the injury did not materialize and was not discovered until later. There is a distinction, however, between notice of the negligent act and notice of its consequences. In the case of Cristiani v. City of Sarasota, while there was no notice of the consequences of the act until eighteen months later, nevertheless, there was notice of the act at the time of the accident and of a right of a cause of action, so that the statute began to run even though notice of its consequences did not materialize until later. In the case of Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 1024, 93 L.Ed. 1282, 11 *309 A.L.R.2d 252, which was an action based upon employee's claim for injuries in the nature of silicosis, the United States Supreme Court held the action not to have been barred by the three-year statute of limitations, 45 U.S.C.A. § 56, where the suit was brought within three years from the time when the employee discovered the disease; that in the absence of evidence showing that he should have known his condition at an earlier date the cause of action accrued only when diagnosis of disease was accomplished and not when the employee unwittingly contracted it. In the opinion the Court says:
"If Urie were held barred from prosecuting this action because he must be said, as a matter of law, to have contracted silicosis prior to November 25, 1938, it would be clear that the federal legislation afforded Urie only a delusive remedy. It would mean that at some past moment in time, unknown and inherently unknowable even in retrospect, Urie was charged with knowledge of the slow and tragic disintegration of his lungs; under this view Urie's failure to diagnose within the applicable statute of limitations a disease whose symptoms had not yet obtruded on his consciousness would constitute waiver of his right to compensation at the ultimate day of discovery and disability.
"Nor can we accept the theory that each intake of dusty breath is a fresh `cause of action.' In the present case, for example, application of such a rule would, arguably, limit petitioner's damages to that aggravation of his progressive injury traceable to the last eighteen months of his employment. Moreover petitioner would have been wholly barred from suit had he left the railroad, or merely been transferred to work involving no exposure to silica dust, more than three years before discovering the disease with which he was afflicted.
"We do not think the humane legislative plan intended such consequences to attach to blameless ignorance. Nor do we think those consequences can be reconciled with the traditional purposes of statutes of limitations, which conventionally require the assertion of claims within a specified period of time after notice of the invasion of legal rights. * * *"
In other words, the statute attaches when there has been notice of an invasion of the legal right of the plaintiff or he has been put on notice of his right to a cause of action. In the instant case, at the time of the x-ray treatment there was nothing to indicate any injury or to put the plaintiff on notice of such, or that there had been an invasion of her legal rights. It is the testimony of one of the expert witnesses that injury from treatment of this kind may develop anywhere within one to ten years after the treatment, so that the statute must be held to attach when the plaintiff was first put upon notice or had reason to believe that her right of action had accrued. To hold otherwise, under circumstances of this kind, would indeed be a harsh rule and prevent relief to an injured party who was without notice during the statutory period of any negligent act that might cause injury.
The judgment appealed from is affirmed.
ROBERTS, C.J., and DREW and BUFORD, JJ., concur.