138 So.2d 505 (1962)
Alfonsus D. KAULAKIS, Appellant,
v.
Joseph A. BOYD, Jr., Faris N. Cowart, Ralph A. Fossey, Alexander S. Gordon, Charles F. Hall, Robert M. Haverfield, A.C. Kittel, Jr., John B. McLeod, Arthur H. Patten, Jr., Milton E. Thompson, Walter Weiss, Ben C. McGahey, As and Constituting the Board of County Commissioners of Dade County, Florida, a Political Subdivision of the State of Florida, Appellee.
No. 31351.
Supreme Court of Florida.
March 7, 1962.
*506 Carey, Goodman, Terry, Dwyer & Austin and Charles F. Mills, Miami, for appellant.
Darrey A. Davis and St. Julien P. Rosemond, Miami, for appellee.
HOBSON, Justice (Retired).
The appellant was the plaintiff in a personal injury action below against the defendants as and constituting the Board of County Commissioners of Dade County. His complaint alleged that Dade County was negligent in permitting a county road right of way to become in a state of disrepair, thereby causing injury to the appellant.
The appellees filed a motion to dismiss the complaint on the ground that Dade County and its Board of County Commissioners are immune from tort liability. The trial judge granted the motion and dismissed the cause with prejudice. In so doing the lower court construed Article III, Section 22 and Article VIII, Section 11 of the Florida Constitution, F.S.A. Based on the construction of these controlling provisions of the Florida Constitution by the trial judge, the cause has properly been appealed directly to this court. Article V, Section 4, Florida Constitution.
Article III, Section 22 of the Florida Constitution provides, "Provision may be made by general law for bringing suit against the State as to all liabilities now existing or hereafter originating." (Emphasis supplied.) Article VIII, Section 11 of the Florida Constitution is the so-called "home rule amendment" granting to the electors of Dade County, Florida the power to adopt a home rule charter of government for Dade County.
Section 8.03 of the home rule charter adopted pursuant to this constitutional grant of power provides in pertinent part:
"The county shall be liable in actions of tort to the same extent that municipalities in the state of Florida are liable in actions of tort."
The trial judge below, in dismissing the complaint of the appellant, held that Section 8.03 of the home rule charter was invalid as being contrary to the provisions of Article III, Section 22 of the Florida Constitution as quoted above.
The first question presented to us for determination on this appeal is whether the County Commissioners have the requisite standing to question the validity *507 of a provision of the home rule charter of Dade County. It has long been held that the general rule that a ministerial officer cannot in a judicial proceeding attack the validity of a law imposing duties on him is subject to the exception that such a law may be challenged where it involves the disbursement of public funds. State ex rel. Harrell v. Cone, 130 Fla. 158, 177 So. 854; Steele v. Freel, 157 Fla. 223, 25 So.2d 501; City of Pensacola v. King, Fla., 47 So.2d 317 and Barr v. Watts, Fla., 70 So.2d 347. In the instant case a judgment rendered for the appellant would have required the appellees to expend public funds in satisfaction of such judgment. For this reason and upon consideration of the above cited authorities we hold that the trial judge was correct in ruling that the appellees had the right and, indeed, the duty, to challenge the validity of Section 8.03 of the home rule charter.
The second point raised is whether Section 8.03 of the Dade County home rule charter is invalid as being in contravention of Article III, Section 22, supra.
Counties, unlike municipalities, are organized as political subdivisions of the state and constitute a part of the machinery of the state government. Therefore, it has been held that they partake of the sovereign immunity from liability. Keggin v. Hillsborough County, 71 Fla. 356, 71 So. 372; Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222; Buck v. McLean, Fla.App., 115 So.2d 764, and Smith v. Duval County Welfare Board, Fla.App., 118 So.2d 98. Consequently, unless it can be said that the home rule amendment removes Dade County from the operation of Article III, Section 22 of the Constitution, the county is immune from tort liability, in the absence of a general statute enacted by the Legislature. No such general statute is involved in this case.
The study of Article VIII, Section 11 discloses that there is no provision relating to the waiver of tort immunity by Dade County. The amendment does, however, preserve the supremacy of the Constitution. Paragraph (5) of Section 11 provides, "* * * the home rule charter provided for herein shall not conflict with any provision of this Constitution * * * except as expressly authorized in this section * * *". (Emphasis supplied.) Paragraph (9) further provides, "* * * that the provisions of this Constitution * * * shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution * * *". (Emphasis supplied.)
In view of the above quoted constitutional mandates, it is clear that any provision contained in the Dade County home rule charter which is in conflict with the Constitution must be held invalid, unless the subject is expressly covered in the home rule amendment to the Constitution. See Dade County v. Mercury Radio Service, Fla., 134 So.2d 791. Since, as previously observed, Section 11 of Article VIII does not purport to deal with immunity from suit, it follows that Section 8.03 of the charter must be held invalid.
Appellant relies on paragraph (9) of Section 11 of Article VIII wherein it is declared to be the intent of Section 11 to provide "home rule for the people of Dade County in local affairs * * *". It is his position that since the funds which would be used in satisfaction of a judgment in his favor are county funds, the matter of immunity from tort liability involves essentially "local affairs". The complete answer to this argument is that by virtue of Article III, Section 22 of the Constitution, immunity from suit is not a matter of local concern but must be dealt with by general law only. For the foregoing reasons the judgment of the trial court should be and it is hereby affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, THOMAS, DREW and O'CONNELL, JJ., and WALKER, Circuit Judge, concur.