PER CURIAM.
The appellant, plaintiff, was a paying passenger on a bus owned and operated by Dade County. The bus was involved in a collision with another vehicle resulting in injuries to the plaintiff. She sued the County seeking damages for her injuries. The court, upon defendant’s motion, dismissed the cause with prejudice.
The determinative issue on this appeal is. whether or not it was necessary for the-plaintiff to comply with the notice require *783 ment of Section 2-2 of the Code of Metropolitan Dade County.[1] It is conceded that written notice of the claim was not given by the plaintiff within sixty days of the injury to the Qerk of the County Commission nor was an attempt made to do so.
The plaintiff contends that since her complaint was for breach of contract it was not necessary that she comply with Section 2-2. There is authority that a suit may be brought against the State for breach of contract and, accordingly, against a political subdivision thereof. See Gay v. Southern Builders, Inc., Fla.1953, 66 So.2d 499. It is also true that a paying passenger on a bus may elect to sue for injuries received from operation of the bus on the theory of implied contract to deliver safely. Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41 (1948). Plaintiff relies mainly on three cases for the proposition that when a party elects to sue on implied contract rather than in tort it is immaterial that notice of the injury was not given as required by Section 2-2. See: Doyle v. City of Coral Gables, supra; Holbrook v. City of Sarasota, Fla.1952, 58 So.2d 862; Goff et al. v. City of Fort Lauderdale, Fla.1953, 65 So.2d 1. The defendant County’s reply is that the three cases cited all deal with the notice requirement provision of municipal corporations and are therefore not authority for the asserted proposition as to the County.
The County also submits Nicholson v. City of St. Petersburg, Fla.App. 1964, 163 So.2d 775, as authority that notice should be given even when suit is brought upon a contract theory. We agree with the result and the reasoning in the Nicholson case but believe that if the same reasoning is applied to Section 2-2 in the instant' case a result contrary to the County’s contention must be reached.
However, it is not necessary that this last issue be decided since the substance of the complaint, although styled as an action for breach of implied contract, was in tort.[2] Accordingly, the notice requirement of Section 2-2 was applicable. It having been shown on the face of the complaint that such notice was not given the complaint was properly dismissed.
Affirmed.

. “See. 2-2 Suits for damages against county, notice.
“No suit shall be maintained against the county for damages to persons or property or for wrongful death arising out of any tort unless written notice of claim shall first have been given to the clerk of the commission, 1616 Dade County Courthouse, within sixty days after the day of receiving the injury or damage alleged, specifying the name and address of the person injured or of the owner of the property damaged, the date, time, place and circumstances of the injury or damage, the nature of the injury or damage and the amount claimed as damages.”

. The amended complaint reads in part as follows:
“7. That subsequent to her boarding and payment of fare, the defendant’s agent, Hershel Lee Lozier, did so negligently and carelessly operate bus No. 657 as to cause it to enter into an accident at N.W. 22nd Avenue and 34th Street, Miami, Florida, with a vehicle operated by a third party, and in so doing, breached the contract entered into between plaintiff and defendant.
“8. That the defendant’s agent, Hershel Lee Lozier, by reason of his failure to maintain a proper rate of speed or failure to exercise a proper degree of care under the circumstances, failed to stop or control the vehicle in such a manner as to avoid a collision with the automobile being driven by the third party. That defendant’s agent, Hershel Lee Lozier, did operate the vehicle, bus No. 657, in such a negligent and careless manner as to be the proximate cause of plaintiff’s injuries.”