178 So.2d 592 (1965)
Mattie BUTTS, Appellant,
v.
COUNTY OF DADE, a political subdivision of the State of Florida, Appellee.
No. 64-661.
District Court of Appeal of Florida. Third District.
September 28, 1965.
David D. Phillips, Hansford D. Tyler, Jr., Miami, for appellant.
Thomas C. Britton, County Atty., John E. Finney, Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for appellee.
Before TILLMAN PEARSON, CARROLL and BARKDULL, JJ.
TILLMAN PEARSON, Judge.
Upon rehearing granted, we have recalled our original opinion on this appeal, Butts v. County of Dade, Fla.App. 1965, 174 So.2d 782, and upon reconsideration substitute therefor the following opinion.
The appellant, plaintiff, was a paying passenger on a bus owned and operated by Dade County. The bus was involved in a *593 collision with another vehicle resulting in injuries to the plaintiff. She sued the County seeking damages for her injuries. The Court, upon defendant's motion, dismissed the cause with prejudice.
The County's motion to dismiss contained the following grounds:
"For its grounds the Defendant states [1] that the Plaintiff has failed to comply with a condition precedent to bringing such action, and the Plaintiff has failed to comply with Section 2-2 of the Metropolitan Dade County Charter [2] and for further grounds, the Defendant, DADE COUNTY, states that there is no grounds for bringing such an action against this Defendant as a matter of law, and such claim is therefore barred." [Bracketed numbers inserted for reference in discussion.]
In argument, the County has subdivided ground [1] above. The first subdivision urges that the plaintiff failed to give the sixty-day notice required by Section 2-2 of the Code of Metropolitan Dade County, Florida. The Code provides:
"Sec. 2-2 Suits for damages against county, notice.
"No suit shall be maintained against the county for damages to persons or property or for wrongful death arising out of any tort unless written notice of claim shall first have been given to the clerk of the commission, 1616 Dade County Courthouse, within sixty days after the day of receiving the injury or damage alleged, specifying the name and address of the person injured or of the owner of the property damaged, the date, time, place and circumstances of the injury or damage, the nature of the injury or damage and the amount claimed as damages."
The plaintiff, appellant, admits that the notice required by the quoted section for suits "arising out of any tort" was not given, and urges that this requirement has no application in this case because her cause of action is alleged as a breach of the contract of carriage. Citing: Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41 (1947); Holbrook v. City of Sarasota, Fla. 1952, 58 So.2d 862; Goff v. City of Ft. Lauderdale, Fla. 1953, 65 So.2d 1; City of Miami v. Brooks, Fla. 1954, 70 So.2d 306. The appellee, County, upon the other hand, submits that the cases relied upon by the appellant have created a distinction without a difference, and that the courts, in so ruling, have lost sight of the reasoning behind the notice requirements.
The County's position is contrary to the law of this State. A paying passenger, who claims damages for personal injuries which were caused by the negligence of a common carrier, has an election to sue in tort or in contract to recover for the wrongful injury. In Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41 (1947), the Court held that the requirement of notice before bringing the action is immaterial when the passenger elects to sue in contract. We find no significant difference in the claim presented by the complaint of the plaintiff, appellant, here and that presented by the plaintiff, appellant, in the Doyle case; therefore, the Doyle case is controlling.
The second argument urged by the County under [1] above is that the plaintiff failed to "present" her claim to the County as required by Section 95.08, Florida Statutes, F.S.A. The section of the statute referred to is as follows:
"Limitation of Claims Against County  Every claim against any County shall be presented to the board of county commissioners within one year from the time said claim shall become due, and shall be barred if not so presented."
The County seems to take the position that this section means a plaintiff must appear at a Commission meeting to present his claim. It is conceded that the complaint *594 contains an allegation of written notice to the County pursuant to the statute quoted. We find no reason for stretching the language of the statute to require more. The allegation of compliance with the statute was therefore sufficient against the motion to dismiss.
In our examination of the record and appellee's brief for a valid basis for the trial court's order dismissing the complaint, we turn to that portion of the motion to dismiss, designated [2] above, which states that "there is no ground for bringing such an action against this defendant as a matter of law." In its brief, the County has summarized its argument under this ground as follows:
"* * * Dade County (a political subdivision of the State of Florida, partaking from the State's immunity from liability) is immune from tort liability * * *."
Metropolitan Dade County's immunity from tort liability was established by the Supreme Court of Florida in Kaulakis v. Boyd, Fla. 1962, 138 So.2d 505, when the Court held unconstitutional a section of the home rule charter providing:
"The county shall be liable in actions of tort to the same extent that municipalities in the state of Florida are liable in actions of tort."
As part of its holding, the court stated:
"Counties, unlike municipalities, are organized as political subdivisions of the state and constitute a part of the machinery of the state government. Therefore, it has been held that they partake of the sovereign immunity from liability. Keegin v. Hillsborough County, 71 Fla. 356, 71 So. 372; Bragg v. Board of Public Instruction of Duval County, 160 Fla. 590, 36 So.2d 222; Buck v. McLean, Fla.App., 115 So.2d 764, and Smith v. Duval County Welfare Board, Fla.App. 118 So.2d 98." 138 So.2d at page 507.
Our question at this point becomes: Does the sovereign immunity from liability bar recovery of damages by a paying passenger in an action on the contract of carriage for personal injuries caused by the negligence of a common carrier operated by the County?
In Gay v. Southern Builders, Inc., Fla. 1953, 66 So.2d 499, the Supreme Court of Florida held that a contractor was entitled to sue the State Comptroller for the recovery of an amount approved for payment by the Board of Commissioners of State Institutions, but which the Comptroller refused to pay because he determined that the amount was for tort arising out of breach of contract. After reiterating the holding in Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41 (1947) (discussed above), and Holbrook v. City of Sarasota, Fla. 1952, 58 So.2d 862, the court reached its decision on the following basis:
"Contracts are made with the idea that they shall be kept and performed. The State expects and uses the courts to require performance on the part of contractors doing business with it. Decency and fair play require that public officials perform the contracts entered into by them in behalf of the State. It is too much to expect and require private citizens and contractors to perform contracts when the State itself, or its officials, refuses to perform and breach their contracts at will." 66 So.2d at 501.
We take this case to mean that it is the policy of this State to require its officials and subdivisions to live up to their obligations in contract, even in instances when the injured party might have proceeded in tort but elected to pursue its remedy in contract.
In Smith v. Duval County Welfare Board, Fla.App. 1960, 118 So.2d 98, The District Court of Appeal, Second District, had before it an appeal from a final judgment entered pursuant to an order dismissing a complaint against an agency of a county government. The Court affirmed the judgment *595 upon a holding that the County Welfare Board was clothed with the State's immunity against liability in tort. In so doing, the court found it necessary to distinguish two decisions of the Supreme Court: Hargrove v. Town of Cocoa Beach, Florida, Fla. 1957, 96 So.2d 130, 60 A.L.R.2d 1193, and Suwannee County Hospital Corporation v. Golden, Fla. 1952, 56 So.2d 911.
Hargrove was distinguished upon the basis that although the doctrine of immunity no longer applies to municipal corporations, it still protects a political subdivision of the State. With this distinction there can be no argument under the present state of the law in Florida. See Kaulakis v. Boyd, Fla. 1962, 138 So.2d 505 (discussed above). Nevertheless, every basis given in Hargrove for abandoning the doctrine of immunity for municipal corporations would apply with equal force to the case now before this court. Here a governmental entity has entered into a business traditionally left to private enterprise and municipal corporations. The County seeks to perform the function of a transportation company without having the traditional responsibility to its passengers which the law has for generations imposed upon private corporations and municipal corporations performing the same function.
Suwannee County Hospital Corporation v. Golden, Fla. 1952, 56 So.2d 911, was the second decision distinguished. The District Court of Appeal pointed out that the Suwannee County case dealt with the liability of the Hospital Corporation (an agency of Suwannee County) to a paying patient, while in the case before the District Court, a charity patient sought to impose liability for a duty to provide nonpaying citizens with hospital service. In holding that the county operated hospital was not liable for a breach of the duty alleged by the charity patient, the District Court pointed out:
"* * *, we find no difficulty whatever in distinguishing between the position of the charity patient, who receives treatment as a ward of the state, and that of a patient who receives treatment as a paying patient. There being no governmental duty to provide hospital services for the latter, its transaction with him is in a proprietary capacity. The reverse is true of the transaction with the charity patient, toward whom a governmental function is performed." 118 So.2d at 101.
Turning to the Suwannee County opinion, we find it established in Florida that a county operated hospital is liable to paying patients for its torts. The rule announced is:
"An enterprise is not governmental in character simply because the government enters it or the Legislature declares it so. Whether it be governmental or proprietary depends on the nature of the business and the determination of the courts. We can only wonder when the entry of government into business as well and as readily operatable by individuals will cease. If the government undertakes to enter other fields such as amusements, entertainment, transportation, and communication, as is the present trend, on a basis that makes the competition one-sided because of the taxation feature, should the situation be made more unfair by declaring that inasmuch as the government is involved, no redress should be secured to one injured by negligence in the operation?
"The church and the school are eliminated from consideration because the education of children is especially bidden in the constitution, while preference and aid to any church is expressly forbidden." 56 So.2d at 913.
Under the rule thus set forth there is no justification for a holding that transportation is governmental in character. The fare paying passenger on a county owned and operated bus is entitled to redress if he is injured by negligence in its operation. *596 We therefore hold that the operation of the transit system is not a governmental operation of Dade County, and that in the operation of its transit system the County is not entitled to partake of the State's immunity from liability.
We have reached the conclusion that the plaintiff, appellant, as a paying passenger on the bus, had the right to sue in contract for the breach of the contract of carriage and that her action is upon such basis; therefore, she was not required to give the notice required of those who claim in tort. We also conclude that she has sufficiently alleged notice to the County of her claim under Section 95.08, Florida Statutes, F.S.A. And we have reached the further conclusion that Dade County is not entitled to immunity from plaintiff's claim. We therefore hold that plaintiff's complaint stated a cause of action and that the trial judge erred in granting the County's motion to dismiss the complaint.
The judgment is reversed and this cause is remanded for further proceedings.
Reversed and remanded.