265 So.2d 18 (1972)
Georgia COLHOUN, Petitioner,
v.
GREYHOUND LINES, INC., a Corporation, and Edward C. Castle, Respondents.
No. 41722.
Supreme Court of Florida.
May 17, 1972.
Rehearing Denied August 21, 1972.
*19 David A. Maney and Richard Mulholland, Tampa, for petitioner.
Stephen F. Myers and Vernon W. Evans, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for respondents.
ERVIN, Justice.
In December 1967, Petitioner Georgia Colhoun, a Florida resident, purchased a bus ticket in this state from Respondent Greyhound Lines, Inc., a common carrier doing business in Florida. While using the ticket on December 21, 1967, and traveling on a Greyhound bus driven by Respondent Edward Castle, she was injured in Tennessee when the bus was involved in an accident. Twenty months later, on August 27, 1969, she filed a three-count complaint in the Circuit Court of Hillsborough County against Respondents alleging negligence, gross negligence, and breach of contract and warranty. Respondents answered admitting the plaintiff was a passenger on the bus which was involved in the accident, but generally denying all other allegations contained in the complaint. In addition Respondents contended the one-year statute of limitations of Tennessee was controlling, barring the suit. They moved for summary judgment.
Respondents' motion was granted and the District Court of Appeal, Second District, affirmed. Colhoun v. Greyhound Lines, Inc., Fla.App. 1971, 253 So.2d 176. We granted certiorari because that decision conflicts with Fincher Motors, Inc. v. Northwestern Bank & Trust Co., Fla.App. 1964, 166 So.2d 717, where the District Court of Appeal, Third District, held:
"Florida follows the general rule that the nature, validity and interpretation of contracts are governed by the laws of the state or country where the contracts are made or to be performed. Matters *20 of procedure and remedy in the enforcement of contracts depend upon the forum or the place where suit is brought. See Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563, and cases cited therein." Fincher Motors, Inc. v. Northwestern Bank & Trust Co., supra at 719.
The only issue before this Court in this case is whether Florida law requires Florida courts to apply Tennessee's statute of limitations.
Statutes of limitations traditionally have been considered procedural matters; as such, the limitation of action law of the forum is applicable. R. Leflar, American Conflicts Law § 127 (1968); A. Ehrenzweig, Conflicts In a Nutshell § 21 (1965); G. Stumberg, Principles of Conflict of Laws 147-152 (1951); Restatement (Second), Conflict of Laws § 142 (1971).
Because Florida is the forum in this case, the appropriate statute of limitation will be found in Chapter 95, Florida Statutes, F.S.A., entitled "Limitations of Actions; Adverse Possession." The chapter contains two possibly applicable provisions, Sections 95.11 and 95.10. The former provides in pertinent part:
"Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(4) Within four years.  Any action for relief not specifically provided for in this chapter.
"(5) Within three years. 
* * * * * *
"(e) ... [A]n action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
Under this section, the complaint was timely; Petitioner had four years in which to commence the tort action and three in which to bring the action sounding in contract. Her complaint was filed less than two years after the accident.
According to F.S. Section 95.10, F.S.A., however, there are times when Florida courts will not apply a Florida statute of limitation, but instead will "borrow" the statute of limitation of another jurisdiction. That section provides:
"When the cause of action has arisen in another state or territory of the United States, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, no action thereon shall be maintained against him in this state."
We must determine, then, (1) whether the cause of action arose somewhere other than in Florida and, if so, (2) whether it is barred where it arose. An affirmative answer to both questions will mean the lower courts properly concluded Petitioner's cause of action could not be maintained in this state.
The action arose in one of two states: Florida, where the ticket was purchased and the trip commenced, or Tennessee, where the accident occurred. If it arose in Florida, F.S. Section 95.10, F.S.A., is not applicable and Petitioner's cause can be maintained since it was begun within the period set forth in F.S. Section 95.11, F.S.A. If it arose in Tennessee, however, it is barred since the complaint was not timely filed under that state's statute of limitations, which provides:
"Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, shall be commenced within one (1) year after cause of action accrued." Tenn. Code Ann. § 28-304 (1955).
While Tennessee has a six-year statute of limitations governing contract actions, the Supreme Court of Tennessee has held this *21 to be the applicable statute when the action, whether in tort or contract, is brought to recover damages for personal injuries. Bodne v. Austin, 1928, 156 Tenn. 353, 2 S.W.2d 100.
That the action arose in Tennessee for purposes of determining whose limitation of action law is applicable to the tort counts is clear for "a cause of action sounding in tort arises in the jurisdiction where the last act necessary to establish liability occurred." Ester, Borrowing Statutes of Limitation and Conflict of Laws, 15 U.Fla.L.Rev. 33, 47 (1962). The last act in this case necessary to establish liability occurred at the time of the accident in Tennessee. Because the tort causes of action arose in Tennessee, and because they are barred under the statute of limitations of that state, Florida law as enunciated in F.S. Section 95.10, F.S.A., requires Florida courts to conclude the tort claims are barred in this state. The District Court of Appeal, Second District, properly affirmed that portion of the summary judgment dismissing the two tort counts.
The count sounding in contract, however, is not barred; the lower courts improperly applied the Tennessee statute of limitations to it. This Court, in Peters v. E.O. Painter Fertilizer Co., 1917, 73 Fla. 1001, 75 So. 749, determined where a cause of action sounding in contract arises. In that case we said:
"... [W]here the last act necessary to complete the contract is performed, that is the place of the contract; and the place where a contract is completed, there the cause of action accrues." Peters v. E.O. Painter Fertilizer Co., supra at 750. (Emphasis supplied.)
The contract in the instant case was completed in Florida with the purchase of the bus ticket. It is in this State, therefore, that the cause of action sounding in contract arose. Because it arose in Florida, F.S. Section 95.10, F.S.A., is not applicable; F.S. Section 95.11, F.S.A., is controlling. Under that section, the complaint was timely filed, making the summary judgment improperly granted as to the contract count.
Plaintiffs may sue in either tort or contract to recover damages for personal injury due to the negligence of a common carrier. Doyle v. City of Coral Gables, 1947, 159 Fla. 802, 33 So.2d 41; Butts v. County of Dade, Fla.App. 1965, 178 So.2d 592. Because Petitioner has a good contract cause of action, this cause must be remanded for a trial on the issues of liability and damages.
The decision of the District Court of Appeal, Second District, therefore, is affirmed in part and reversed in part, and the cause remanded with instructions to further remand to the Circuit Court of Hillsborough County for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS and DEKLE, JJ., concur.
BOYD and McCAIN, JJ., dissent.