PER CURIAM.
This appeal is by Dade County and Eugene Simms, the director of its Traffic and Transportation Division, two of the defendants below, from an order denying their motion to vacate a default entered by the court clerk for failure to file a responsive pleading within the time required, after service of summons upon them. Said defendants filed a motion to dismiss on the date upon which the default was entered.
On September 11, 1975, the appellee filed a complaint against Dade County, Simms, Continental Insurance Company and the City of Homestead, Florida. Appellants were not served with process until after the plaintiff filed an amended complaint, nine months later.
The amended complaint alleged the plaintiff’s decedent met his death by drowning when a vehicle he was driving left a road and entered a canal adjacent to the road, and that his death was proximately caused by negligence of the defendant county and city in failing to have installed barriers or guard railings there and by failing to have placed signs warning of the known danger there to persons using the road. It was alleged the county had waived its immunity by obtaining a policy of insurance from the defendant Continental Insurance Company to indemnify the county for damages which might be recovered against it in such an action.
The defendants Dade County and Simms were served with process on June 17, 1976. On July 12, plaintiff moved for default. On July 16 a clerk’s order of default was entered, being the same date upon which the said defendants filed their motion to dismiss the amended complaint. Included in the grounds stated in the motion to dismiss were that the court lacked jurisdiction of the subject matter, and that the action was barred by sovereign immunity of the county. Attached to the motion to dismiss was a letter from a representative of the alleged insurance carrier, to the effect that such company had not issued such a policy to the county. Whether the county had become thus insured elsewhere was not alleged or shown.
Effective in this case was Section 455.06 Florida Statutes (1975), by virtue of which the county’s sovereign immunity from suit based on such allegations would be removed when its governing body obtained and held insurance to cover liability for damages for the event involved. Kaulakis v. Boyd, 138 So.2d 505, (Fla.1962).
On consideration of the record, briefs and argument, we find merit in the contention of the appellants that their motion to vacate the default should have been granted. In this case, where the plaintiff is seeking to recover damages from a public body, payable out of public funds, on the pleadings the court was made aware of uncertainty as to whether the county’s immunity had been waived, and therefore that there was a question as to whether there was jurisdiction of the subject matter, we hold it was error to deny the motion to vacate the default. In our opinion in this negligence action against the county, the interests of justice would be served best by having an adversary hearing on the question of the existence or nonexistence of immunity of the county, and for trial of the cause on the merits with respect to said defendants if jurisdiction thereby is established.
*1051 The order appealed from is reversed, and the cause remanded for further proceedings.