BASKIN, Judge
(Concurring in part, dissenting in part).
Although I concur in reversal of the summary judgment entered in favor of Dr. Mixson, I disagree with both the reasoning and the result reached by the majority insofar as the County is concerned.
I dissent for two reasons. First, the inconsistent approach employed by the majority appears to me to be unjust. Although it recognizes that 1956 law applies to Mrs. Collier’s claims, the majority imposes the 1976 interpretation of Suwannee County Hospital Corp. v. Golden, 56 So.2d 911 (Fla.1952), contained in Circuit Court of Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113 (Fla.1976). If 1976 law applied, Mrs. Collier would also be *698 entitled to benefit from statutes enacted many years after her injury which enabled the County to waive sovereign immunity. § 768.15, Fla.Stat. (1969).[1] Appellant’s claim arose from her 1956 surgery, however, and she may not, therefore, invoke the County’s subsequent waiver of sovereign immunity. Consequently, she should not suffer the retroactive misinterpretation [2] of Suwannee derived from the majority’s hindsight.
Second, in 1956, Suwannee supported recovery for paying patients. Smith v. Duval County Welfare Board, 118 So.2d 98 (Fla. 1st DCA 1960); cf. Butts v. County of Dade,[3] 178 So.2d 592 (Fla. 3d DCA 1965) (county owned and operated transportation on which paying passengers ride is not “governmental” for purposes of sovereign immunity; such an individual is entitled to redress if injured through bus’s negligent operation).
In Suwannee, the supreme court characterized government functions as either proprietary or governmental.[4] It concluded that a hospital serving paying patients operates in a proprietary capacity and may not divest its patients of constitutional rights by attempted statutory immunization. The court stated:
It is our view that one who enters a hospital of the type of appellant and pays for the professional services he receives is entitled to the same protection, and under our constitution, to the same redress for wrongs, that he would be entitled to had he had the same experience in a privately owned and operated hospital.
Id. at 913.
Sovereign immunity is a device to save the taxpayer money. The immunity is generally waived in conjunction with the purchase of insurance by the County. It is the taxpayer, however, who suffers when he is accorded a lower standard of care in an immune county agency and then deprived of redress in the courts. Mrs. Collier should be permitted to proceed against the County because it engaged in activities which were no different from those conducted by private businesses.
For these reasons, I would reverse both the summary judgment entered by the trial court in favor of the County and the summary judgment entered in favor of Dr. Mixson.

. Repealed effective July 1, 1970, revived as to causes arising during the period between July 1, 1969 and July 1, 1970; section 768.151, Florida Statutes (1981).

. Majority opinion at 696.

. Butts v. County of Dade failed to receive the express approval of the supreme court in Circuit Court of Twelfth Judicial v. Dep’t. of Natural Resources. Nevertheless, the supreme court did not overrule Butts and merely questioned the wisdom of Butts. The majority’s characterization of the supreme court statement as “condemnation” exaggerates the result.

.Recent decisions have refined the proprietary-governmental doctrine, classifying the governmental sphere into discretionary (planning) and ministerial (operational) functions. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); Bellavance v. State, 390 So.2d 422 (Fla. 1st DCA 1980), pet. for rev. denied, 399 So.2d 1145 (Fla.1981).