MICKLE, Judge.
This cause is before us on appeal from a final judgment of the circuit court declaring unconstitutional an appropriations proviso located within chapter 92-293, Laws of Florida. We affirm on the basis that the challenged proviso does not comport with article III, section 12 of the Florida Constitution.
Section 110.123, Florida Statutes (1991), is entitled “State Group Insurance Law.” Subsection (5) provides in pertinent part:
(5) The Secretary of Administration shall be responsible for the administration of the state group insurance program. The Department of Administration shall initiate and supervise the program as established by this section and shall promulgate such rules as are necessary to perform its responsibilities. To implement this program, the department shall, with prior legislative approval:
⅜ ⅜ ⅜ ⅝: ⅜ ⅜
(e) Contract on a competitive proposal basis with an insurance carrier or carriers, or professional administrator, determined by the Department of Insurance to be fully qualified, financially sound, and capable of meeting all servicing requirements.... Before entering into any contract, the Department of Administration shall advertise for competitive proposals, and such contract shall be let upon the consideration of the benefits provided in relationship to the cost of such benefits.
⅜ ⅜ ⅜⅛ ⅜* *
On November 22, 1991, pursuant to the provisions of section 110.123, the Florida Department of Administration (DOA) issued an invitation to bid for the prescription drug program for the State of Florida employees group insurance program. Prior to the award of any contract issued pursuant to this invitation to bid, the Florida Legislature, in its regular 1992 session, passed chapter 92-69, Laws of Florida, section 53, which provides in pertinent part:
(2)(a) Notwithstanding provisions of statute or agency administrative rules that may have been enacted or adopted prior to the effective date of this act, the Department of Administration, in making provision for reimbursement for prescription medicines dispensed to members of the State Group Health Insurance Plan and their dependents, shall allow prescriptions written by health care providers under the plan to be filled by any licensed pharmacy pursuant to contractual elaims-processing provisions. Retail pharmacies participating in this program shall be reimbursed at a uniform rate and subject to uniform conditions, according to the terms and conditions of the plan established by the Department of Administration and relevant provisions of the annual General Appropriations Act and implementing legislation.
⅜ ⅜ ⅜: * • * ⅜
(d) The Department of Administration shall assure the prompt implementation of this section and may reject all existing contract bids, rebid a pharmaceutical contract, or amend any existing pharmaceutical contract, and exercise any option for terminating any contract that conflicts with these provisions.
⅜ ⅜ Hi 5⅜ ⅜: ⅜
On May 5, 1992, appellee General American Consultee, Inc., (Consultec) entered into an administrative services agreement with DOA, pursuant to the aforementioned invitation to bid, providing for reimbursement to participating pharmacies for brand name prescription drugs filled under the prescription card plan at the calculated rate of average wholesale price (AWP) minus 18%.
Thereafter, during a special session ending July 1, 1992, the Florida Legislature once again addressed the matter of pharmacy prescription and reimbursement in Senate Bill 278H, chapter 92-293. The subject proviso located at section 1A.2.A.(2) covers changes to benefits of the State Group Health Self-Insurance Plan, effective July 1, 1992, and provides in pertinent part:
The Department of Administration or its successor agency[1] shall amend any exist *1032 ing pharmaceutical contracts, including' any necessary payment provisions thereof, to provide for a prescription drug reimbursement level at average wholesale price minus 12 percent for brand name drugs.
On November 4, 1993, appellants Florida Pharmacy Association, Inc.,[2] and Joe Pace d/b/a Dewberry Pace Pharmacy, filed an action in circuit court against appellees William Lindner (secretary of DMS) and Aleda Runyon (director of the Division of State Employees’ Insurance)[3] seeking mandamus, declaratory and injunctive relief. In short, appellants requested the circuit court to compel DMS to comply with the legislative mandate pronounced in the chapter 92-293 proviso by directing Consultec immediately to amend the existing administrative agreement to provide for a reimbursement rate to participating pharmacies of AWP minus 12%.
Appellees answered the complaint, challenging the proviso as unconstitutional on several grounds. Following a hearing, the action culminated in a final judgment wherein the lower court determined that appellees had standing to challenge the constitutional validity of the proviso and concluded the proviso was unconstitutional (1) as an invalid impairment of an existing contract violative of article I, section 10 of the Florida Constitution; and (2) as an invalid attempt to amend substantive law violative of article III, section 12 of the Florida Constitution.
On appeal, appellants urge up front that appellees lacked the requisite standing to challenge the subject proviso on constitutional grounds. We dispense first with this issue and hold, on the authority of Brown v. Firestone, 382 So.2d 654 (Fla.1980); Arnold v. Shumpert, 217 So.2d 116 (Fla.1968) (ministerial officer challenging act providing for disbursement of public funds); Kaulakis v. Boyd, 138 So.2d 505 (Fla.1962) (County Commissioners had right and duty to challenge validity of section of home rule charter subjecting the county to liability in tort action); and Department of Education v. Lewis, 416 So.2d 455 (Fla.1982) (where operation of a statute is brought into issue in litigation brought against state officer, officer may defensively raise question of law’s constitutionality), that standing was properly invoked herein for the purpose of challenging the constitutional validity of the subject proviso.
On the merits, we agree with the lower court that the subject proviso violated the constitutional prohibition set forth in article III, section 12.[4] In accordance with article III, section 12, an appropriations bill may not alter or amend existing law on any subjects other than appropriations. Brown v. Firestone, supra. In Department of Education v. Lewis, supra, the supreme court restated the two principles established in Brown by which to test provisos in appropriations bills to determine whether they violate article III, section 12. First, if the proviso changes existing law on any subject other than appropriations, it is invalid. Second, a qualification or restriction must directly and rationally relate to the purpose of the appropriation to which it applies. Lewis at 460. Applying the Broum analysis to the instant case, we conclude that the effect of the subject proviso was to impermissibly alter or modify existing substantive law concerning the procurement of cost-efficient health insurance benefits for State of Florida employees. Specifically, the legislative directive encompassed within the proviso essentially nullifies the competitive procurement requirements found within section 110.123, Florida Statutes, and chapter 92-69, Laws of Florida. In impinging upon the statutory requirements of existing law, the subject appropriations proviso thereby effects a tacit amendment of existing law, contrary to article III, section 12 of the Florida Constitution. See *1033 Brown, Lends, and Florida Defenders of the Environment v. Graham, 462 So.2d 69 (Fla. 1st DCA 1984); Department of Administration v. Home, 269 So.2d 659 (Fla.1972).
On this basis, the final judgment of the trial court is AFFIRMED.[5]
ALLEN and KAHN, JJ., concur.

. Effective July 1, 1992, the Department of Management Services (DMS) became the successor agency to the Department of Administration. DMS is responsible for the group health insur- *1032 anee plan for state employees, including pharmacy services, pursuant to section 110.123, Florida Statutes.

.Florida Pharmacy Association, Inc., is a Florida not for profit corporation representing approximately 2500 Florida pharmacists and 400 independent pharmacy owners.

. Consultec was later added as a party defendant.

. Article III, section 12 provides:
Laws making appropriations for salaries of public officers and other current expenses of the state shall contain provisions on no other subject.

. In so holding, we need not reach the issue of whether the proviso violates article I, section 10 of the Florida Constitution.