MATHEWS, Justice.
This was a mandamus proceeding whereby the relator, J. D. Wadkins, Jr., sought to compel the appellees to execute a deed for certain lands in Lake County, Florida, which had been sold at public auction as provided for by Section 194.55 F.S.A.
Alternative writ issued and an answer or return to the same was made in due course.
A motion to strike the answer of the respondents and for a peremptory writ notwithstanding the answer was filed and arguments were had before the trial court, as a result of which a final judgment was entered quashing the alternative writ.
It appears from the pleadings that Lake County had acquired the lands in question for nonpayment of taxes as provided by the statute and had owned such lands for more than 2 years. It appears that all proceedings provided for by the statute were taken in order to advertise said lands. Before the competitive bidding took place, the petitioner Wadkins, paid to the -Clerk $60.10, which was the minimum amount fixed that the County was willing to accept for the said lands. The said sum was paid to the Clerk and in due course and as provided by the statute, the lands were advertised for sale, and were sold on November 20, 1950. It appears that there was actual competitive bidding and the petitioner finally bid $201 which was the highest bid and the said lands were sold to him for that amount. He, thereupon, paid to the Clerk the sum of $201 and said sum was received and collected by the Clerk. Thereafter, he requested the Chairman of the Board of •County Commissioners and the Qerk to issue him a deed for the lands in question as provided by law, and the said officials refused to execute and deliver to him such deed.
As an excuse for not issuing the deed, the respondents in their answer alleged that on December 4, 1950, the said lands were withdrawn from sale and by resolution of the' Board of County Commissioners was dedicated for public use and purpose by the Board of County Commissioners, and again on July 2, 1951, the Board of County Commissioners passed another resolution dedicating the said lands for public use and withdrew the same from sale.
The sale took place on November 20, 1950. The actions of the Board of County Commissioners attempting to dedicate said lands to public use and to withdraw the same from sale occurred on December 4, 1950, and July 2, 1951. This action came too late.
Under the statute the Board of County Commissioners had the right to either sell *404 the property or to dedicate it for public use. They elected to sell the property and after notice was published, competitive bidding was had and the sale was consummated by the acceptance of the bid and the money in the amount of the bid. There was nothing further to be done by the respondents except to comply with the terms of the law and execute a deed to the successful bidder.
Fair dealing is required by all parties and public officials should set the example. There is no question raised in this proceeding of any concealment, fraud, collusion or any other misconduct on the part of the appellant and the appellees should have been required to comply with the plain and unmistakable provisions of the law.
Reversed with directions to set aside the order of final judgment striking the motion for peremptory writ and quashing the alternative writ and for further proceedings in accordance with this opinion.
HOBSON, C. J., and TERRELL, THOMAS and DREW, JJ., concur.
ROBERTS, J., dissents.
SEBRING, J., not participating.