66 So.2d 499 (1953)
GAY
v.
SOUTHERN BUILDERS, Inc.
Supreme Court of Florida, Special Division A.
July 21, 1953.
*500 Richard W. Ervin, Atty. Gen., Fred M. Burns, Asst. Atty. Gen., and Lewis H. Tribble, Tallahassee, for appellant.
J. Lewis Hall and W.K. Whitfield, Tallahassee, for appellee.
MATHEWS, Justice.
This is an appeal from a final judgment entered by the Judge of the Circuit Court of Leon County, Florida.
It appears that Southern Builders, Inc., the appellee, entered into a contract with the Board of Commissioners of State Institutions of the State of Florida, whereby the appellee agreed to construct an Infirmary at the State Hospital in Chattahoochee, Florida, and a new wing on the State Capitol Building. Certain differences arose between the parties whereby the Board contended the building was not constructed in accordance with the plans and specifications, and the appellee contended that it was entitled to payment under the contract, and also damages for breach of the contract.
The contractor eventually filed a claim with and against the Board setting forth his claims for various items called for in the contract, which had not been paid and various items of damage because the contract had not been complied with by the Board. Thereafter, three persons were named and were called "arbitrators." They held hearings and investigations as to the contentions of the parties and made their report to the Board together with supporting data. Thereafter, at a meeting of the Board on July 20, 1948, the Minutes of the Board show that there was a general discussion of the matter and after such discussion, motion was made by the State Treasurer, and seconded by the Secretary of State, which was "unanimously adopted", that the report of the Arbitration be approved for final payment. It appears that this action on the part of the Board was not only unanimous, but also was made voluntarily. It does not appear anywhere in the record that they adopted the report because the members thought they were bound by it.
It is unnecessary for us to discuss or decide in this opinion the binding force and effect of an arbitration agreement and we do not decide that question. The Board adopted the report of the three men appointed.
The Comptroller paid all of the amounts set forth as approved by the Board, except $25,608.82. The Comptroller decided that this amount was for tort arising out of breach of contract and he refused to pay same.
In his original claim after the contract was breached, the contractor claimed such damages not in tort but for breach of contract. We have repeatedly held that where damages result from a breach of contract, the party may make his claim based upon such breach of contract even though a tort may have been committed. In the case of Holbrook v. City of Sarasota, Fla., 58 So.2d 862, 864, this Court said:
"Even though it may have been proper, if plaintiff so desired, to have brought a tort action, they elected not to do so and brought a suit based upon the breach of a contract. The mere fact that breach of a contract may be a wrong, does not compel a party to bring his action in tort. This action is brought on contract even though it may have been brought in tort. The courts are open for the parties to bring the action on contract and not in tort in such a case."
See also Parrish v. Clark, 107 Fla. 598, 145 So. 848; and Doyle v. City of Coral Gables, 159 Fla. 802, 33 So.2d 41.
The Circuit Judge in his final judgment stated:
"The claim as presented to the Board was for an item of damages for breach of contract on the part of the Board. It is admitted that the contract was lawfully entered into by State officers *501 acting within the scope of their authority as such (except the arbitration clause which will be discussed later).
"The Court is of the opinion that damages sustained by a party contracting with the State occasioned by a breach of that contract by the State are damages arising out of contract and that no tort is involved. Were the State a private corporation suit on the contract would be the proper remedy of the contractor. But the State enjoys immunity from suit as one of the attributes of sovereignty. This does not mean that the State is without a legal or moral duty to compensate those who have in good faith contracted with it for losses sustained because the State's officers have determined that it is to the best interest of the State to abandon the construction of a particular facility after contracting for the work to be done. It merely means that the party contracting with the State must rely upon the integrity of the State rather than the processes of the Court to recover compensation."
The Court then stated that State officers may use the services of others, whether State employees, arbitrators or advisors in determining the many questions which they must decide and then said:
"But the final determination, whatever it is, must be the act of the officers functioning in their official capacity.
* * * * * *
"* * * the action of the Board in ordering payment was a determination by the Board that the amount ordered paid was just and due by the State to the Contractor."
Contracts are made with the idea that they shall be kept and performed. The State expects and uses the courts to require performance on the part of contractors doing business with it. Decency and fair play require that public officials perform the contracts entered into by them in behalf of the State. It is too much to expect and require private citizens and contractors to perform contracts when the State itself, or its officials, refuses to perform and breach their contracts at will. In the case of State ex rel. Wadkins v. Owens, Fla., 62 So.2d 403, 404, this Court said:
"Fair dealing is required by all parties and public officials should set the example."
The final judgment appealed from should be, and the same is hereby affirmed.
TERRELL, Acting C.J., HOBSON, J., and HOLT, Associate Justice, concur.