317 So.2d 772 (1975)
DEPARTMENT OF NATURAL RESOURCES of the State of Florida, Relator,
v.
The CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT and the Honorable Evelyn Gobble, As Circuit Judge Thereof, Respondents.
No. 74-1389.
District Court of Appeal of Florida, Second District.
July 18, 1975.
*773 Jack W. Pierce, Gen. Counsel, Dept. of Natural Resources, Robert L. Shevin, Atty. Gen., and Thomas A. Harris, Asst. Atty. Gen., Tallahassee, for Relator.
C. Eugene Jones and Larry Byrd, Ginsburg, Ross, Dent & Byrd, Sarasota, for respondents.
HOBSON, Judge.
The Department of Natural Resources of the State of Florida was sued by Mr. and Mrs. Holmes as parents and personal representatives of Sharon Holmes, deceased, and the estate of Sharon Holmes. There were also two other defendants who are not parties to this original application for writ of prohibition. The plaintiffs alleged that Sharon Holmes, a 16 year old girl, was lawfully on the premises of Oscar Scherer State Park, which was operated and maintained by relator, having paid an entrance fee, and that while swimming in a swimming lake located in the park she was attacked and killed by an alligator. It was alleged that the relator was liable to the plaintiffs for the death of Sharon Holmes under three separate theories of law: 1) negligence; 2) strict liability; and 3) breach of contract. The plaintiffs further alleged that the relator waived sovereign immunity by engaging in the proprietary function of operating the park.
The relator filed a motion to dismiss the complaint for lack of jurisdiction of the subject matter under the doctrine of sovereign immunity. The trial court denied the motion to dismiss, finding that the relator under the facts alleged in the complaint waived its sovereign immunity by engaging in a proprietary function. The relator filed an interlocutory appeal from the denial of its motion to dismiss, which interlocutory appeal was dismissed by this court on authority of State Road Department v. Brill, Fla.App.1st 1964, 171 So.2d 229. Whereupon relator filed this original application for writ of prohibition.
While the respondents do not question the remedy of prohibition as being *774 proper under these circumstances, we note that the fundamental question in every prohibition case is jurisdiction. If in fact the circuit court was without jurisdiction over the subject matter, prohibition is the appropriate remedy. Smith v. Bettinghaus, Fla.App.2d 1965, 178 So.2d 201; State v. Love, 1930, 99 Fla. 333, 126 So. 374, and Crill v. State Road Department, 1928, 96 Fla. 110, 117 So. 795.
Article X, § 13, Florida Constitution, provides: "Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating." This section of the constitution expressly prohibits, absent a general legislative act, any suit against the State or an agency which serves as an instrumentality of the State; Spangler v. Florida State Turnpike Authority, Fla. 1958, 106 So.2d 421. There is no doubt that the relator is a State agency and absent a specific waiver it shares in the sovereign immunity to suit.
At the time and under the facts and circumstances of this cause of action, the plaintiffs admit that the legislature had not waived sovereign immunity by a duly enacted general law. However, they urge that the State or an agency of the State waives sovereign immunity when acting in a proprietary rather than governmental function. They rely mainly on the case of Suwanee Hospital Corp. v. Golden, Fla. 1952, 56 So.2d 911. In Loucks v. Adair, Fla.App.1st 1975, 312 So.2d 531, our sister court distinguished the Suwanee case as being a suit against a hospital operated by a non-profit corporation created pursuant to a special act setting up a county hospital district and was not a part of any state-wide system maintained at public expense. It is undisputed that the relator herein is a State agency operating and maintaining a state-wide system of public parks. The Division of Recreation and Parks of the Department of Natural Resources is created by Chapter 592, Fla. Stat. A reading of Chapter 592 of the Florida Statutes reveals that there is no mention of waiver of sovereign immunity. Any statutes purporting to waive sovereign immunity must be clear and unequivocal and are to be strictly construed. Spangler v. Florida State Turnpike Authority, supra.
It has also been held that under the doctrine of sovereign immunity and the prohibitory provisions of Article X, § 13, Florida Constitution, it makes no difference whether the negligent act is committed while in the performance of a governmental or a proprietary function. Buck v. McLean, Fla.App.1st 1959, 115 So.2d 764.
Respondents argue that the State or its agencies are not immune from suit when the cause of action is for a breach of contract, citing as authority Gay v. Southern Builders, Inc., Fla. 1953, 66 So.2d 499 and Butts v. County of Dade, Fla.App.3d 1965, 178 So.2d 592.
In Gay, supra, Southern Builders entered into a contract with the Board of Commissioners of State Institutions to construct certain buildings for the State of Florida. The Board took the position that the building was not constructed in accordance with the plans and specifications and Southern Builders contended that it was entitled to payment under the contract plus damages for breach of contract. Southern Builders filed a claim with and against the Board. Three persons were named, who were called arbitrators, and held hearings and investigations as to the contentions of the parties. They filed a report with the Board; whereupon, the Board approved for final payment the amounts as recommended by the arbitrators.
The claim as adopted by the Board was presented to the comptroller who paid all the claim except that portion which he decided was for tort arising out of breach of contract. Southern Builders filed suit against the comptroller for payment of the claim in full as it had been approved for final payment by the Board. The circuit *775 court rendered judgment for Southern Builders and the comptroller appealed. We feel the Supreme Court affirmed the lower court on the basis that the claim was approved by the Board for payment; that there was a determination by the Board that the amount ordered paid was just and due by the State to Southern Builders; and that in effect the suit was not a suit against the State for breach of contract but was for the enforcement of a claim previously determined to be due and owing by the State. The suit was actually seeking to enforce the comptroller to comply with the Board's directions.
There is dicta in the Gay case, supra, which could be interpreted as saying that the State and its agencies are not immune from suit for breach of contract. If this is what Gay, supra, holds, it is in direct conflict with a long precedent of law first set forth in 1895 in Bloxham v. Florida Cent. & P.R. Co., 35 Fla. 625, 17 So. 902, followed by Hampton v. State Board of Education, 1925, 90 Fla. 88, 105 So. 323, and State v. Love, 1930, 99 Fla. 333, 126 So. 374. We have found no case where our Supreme Court has held that under the facts and circumstances of this case the State or its agencies are not entitled to invoke sovereign immunity.
There is an opinion of our sister court, Third District, Butts, supra, which specifically holds that a paying passenger on a bus has the right to sue the County of Dade, which enjoys sovereign immunity, in contract for the breach of the contract of carriage. The Butts opinion is bottomed mainly on Gay, supra, and Suwanee Hospital Corporation, supra. As pointed out above, we do not interpret Gay as did the Third District. The Suwanee County Hospital case was not based on a breach of contract but turned on the fact that the services were proprietary and not governmental. As we have pointed out above, the Suwanee County Hospital case was distinguished, and we think properly so, in the Loucks opinion.
For the foregoing reasons we hold that under the facts of this case the relator is entitled to a peremptory writ of prohibition. It is so ordered.
McNULTY, C.J., and GRIMES, J., concur.