BOARDMAN, Judge.
This is an appeal from a final judgment ordering payment by appellant/garnishee State of Florida to appellee/plaintiff Gordon Brothers Concrete, Inc. (appellee). Ap-pellee holds a valid judgment against James B. Peterson a party to whom the state is indebted. A writ of garnishment was issued against the state, and the state moved to dismiss on the grounds of sovereign immunity. The sole issue for our determination is whether the doctrine of sovereign immunity is applicable to a garnishment proceeding. We hold that the state is protected in this instance by sovereign immunity and that it has not waived that protection.
It is well established that a state may not be sued absent its consent by a specific waiver of its cloak of sovereign immunity. See, e. g., State Road Department v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941); Department of Natural Resources v. Circuit Court, 317 So.2d 772 (Fla.2d DCA 1975), aff’d 339 So.2d 1113 (Fla.1976). It is clear to us that garnishment proceedings are within the scope of actions or suits from which a state is immunized. We do not believe that a reasonable distinction can be reached between the state being sued as a party defendant and the state being joined as garnishee. See Weinstein, Bronfin & Heller v. LeBlanc, 249 La. 936, 192 So.2d 130 (1966). See generally Duval County v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 So. 531 (1903). Although Article X, Section 13 of the Florida Constitution provides that the legislature may waive the state’s immunity from suit “the courts have consistently held that statutes purporting to waive the sovereign immunity must be clear and unequivocal [and that] [w]aiver will not be reached as a product of inference or implication.” Spangler v. Florida State Turnpike Authority, 106 So.2d 421, 424 (Fla.1958).
The garnishment statute cannot be said to provide statutory. authority for a waiver of sovereign immunity in garnishment proceedings.
77.01 Right to garnishment. — Every person who has sued to recover a debt or has recovered judgment in any court against any person, natural or corporate, has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person. The officers, agents and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgment against the companies or corporations.
Although the Florida courts have not previously treated the question of a state’s amenability to garnishment the Supreme Court of Florida has determined that a county is protected from such a proceeding. Charleston Lumber & Mfg. Co., supra. The rationale supporting the immunity of a county is certainly applicable to the state.
Accordingly the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HOBSON, Acting C. J, and SCHEB, J., concur.