John Roger Smith Orange City City Attorney DeLand
QUESTIONS:
1. May a municipality annex a federal highway/state road pursuant to the annexation procedures contained in s. 171.0413, F. S.?
2. May a municipality exercise police jurisdiction over a federal highway/state road which is contiguous to but not within the municipal borders?
SUMMARY:
A municipality may not annex a federal highway/state road pursuant to the provisions of and the annexation procedures prescribed by s. 171.0413, F. S., and a municipality may not exercise police jurisdiction over a federal highway/state road contiguous to but not within the corporate limits of the city.
Your letter indicates that your questions are prompted by the fact that for the past several years the City of Orange City has been annexing property south of its original incorporated limits along U.S. Highway 17-92 (a federal and state highway) pursuant to the voluntary annexation procedure provided for in s. 171.044, F. S. That section allows a municipality to annex property which is contiguous to the municipality, provided that the owner or owners of said property petition for its annexation. The legal descriptions of the properties so annexed do not include or incorporate therein (but exclude) the right-of-way of U.S. Highway 17-92. You state that U.S. Highway 17-92, also designated by the Florida Department of Transportation as State Road No. 15, runs north and south through the center of the original incorporated area and long or through and contiguous to the areas recently annexed, which appear from the map furnished to me to be interspersed with unincorporated areas along each side of U.S. Highway 17-92. Since title to all roads designated as state roads is vested in the state (see ss. 335.02, 337.27, and 337.29, F. S.) and since the state has never petitioned for the annexation of the aforementioned state road, it has never been annexed into the municipality pursuant to the voluntary annexation procedure. The result is that this federal highway/state road now forms an unincorporated corridor extending outward from the original municipal limits with recently annexed municipal territory interspersed with unincorporated property along each side of it.
AS TO QUESTION 1:
Since voluntary annexation of the highway in question is precluded by the inability of the city to obtain an annexation petition from the state, you wish to know whether the City of Orange City can annex this federal highway/state road pursuant to the annexation procedures contained in s. 171.0413, F. S. For the following reasons, I must conclude that it cannot.
The annexation procedures outlined in s. 171.0413, F. S., require the governing body of a municipality to adopt a nonemergency ordinance proposing the annexation of contiguous, compact, unincorporated territory. The ordinance does not become effective, however, until at least 10 days after it has been approved by a majority of the registered electors in both the municipality and the territory to be annexed. If a majority of the electors in either the municipality or the area to be annexed vote against annexation, the ordinance has no legal efficacy, and the area may not be the subject of another annexation attempt for at least 2 years. It is difficult to see how any such ordinance legally may be approved by a majority of the registered electors of the area comprising the state-owned roadbed which the city wishes to annex under the provisions of s. 171.0413.
This statutory provision, providing as it does for uniform statewide standards for municipal annexation (see s. 2(c), Art. VIII, State Const., and ss. 171.021(2), 171.022, and 171.0413(4), F. S.), nowhere expressly refers to or prescribes any procedures for the annexation of state-owned road rights-of-way. The general rule with respect to construing a statute as applying to the state and its agencies and subdivisions is as follows:
 Statutory provisions which are written in such general language as to make them reasonably susceptible to being construed as applicable alike both to the government and to private parties are subject to a presumptive rule of construction which exempts the government from their operation in the absence of other particular indicia supporting a contrary result in particular instances.
3 Sutherland Statutory Construction s. 62.01 (4th Ed. 1974). Andsee generally 82 C.J.S. Statutes s. 317; Duval County v. Charleston Lumber Manufacturing Co., 33 So. 531 (Fla. 1903) (county not subject to garnishment proceeeding unless made so by express statutory provision); State v. Peninsular Telephone Co.,75 So. 201 (Fla. 1917) (a city or county, being a governmental as well as a corporate entity, is in its governmental capacity not a `person or corporation' within the meaning and intent of former s.364.01 et seq., providing for regulation of telegraph and telephone companies by the former railroad commission); State v. Gordon Brothers Concrete, Inc., 339 So.2d 1156 (2 D.C.A. Fla., 1976) (garnishment statute did not provide statutory authority for waiver of state's immunity in garnishment proceeding); City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949) (the term `corporation' in a statute does not ordinarily include municipal corporations, and the term `persons' in a statute does not ordinarily include municipal corporations, unless they are expressly included by apt words or unless a clear legislative intent that they be included is expressed in the context); and AGO's 074-261 and 080-68. Consequently, in the circumstances hereinbefore set forth and in the absence of any clear evidence of legislative intent to permit a municipality to annex state-owned highways pursuant to s. 171.0413, or statutorily prescribed procedures therefor, I am compelled to conclude that such state-owned lands are not subject to being annexed and that the City of Orange City, therefore, is precluded from annexing U.S. Highway 17-92/State Road No. 15, pursuant to the annexation procedures contained in s. 171.0413.
AS TO QUESTION 2:
Your second question concerns whether a municipality may exercise police jurisdiction over a state road (and U.S. highway) which is contiguous to but not part of the municipality. Section 2(c), Art. VIII, State Const., provides that the `exercise of extraterritorial powers by municipalities shall be as provided by general or special law.' In this regard, I am unaware of any special law, and none has been brought to my attention, which would permit the exercise of extraterritorial powers in this instance. With respect to general statutory laws, s. 316.006(2), F. S., provides that chartered municipalities shall have original jurisdiction
 over all streets and highways located within their boundaries, except state roads, and may place and maintain such traffic control devices which conform to the manual and specifications of the Department of Transportation upon all streets and highways under thier original jurisdiction as they shall deem necessary to indicate and to carry out the provisions of this chapter or to regulate, warn, or guide traffic. (Emphasis supplied.)
U.S. Highway 17-92/State Road No. 15 is a state road and excepted from the grant of jurisdiction made by s. 316.006(2), F. S., and the city is without authority to control or regulate traffic thereon. Section 316.008, F. S., empowers municipalities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, to control or regulate certain traffic movement or parking in their respective jurisdictions. As indicated above, state roads are excepted from the original jurisdiction of the chartered municipalities. Cf. s.316.008(1)(a), which subjects hitchhiking on state or federal highways lying within the boundaries of a municipality to that municipality's control and regulation under its police power. Furthermore, s. 316.640(3)(a), F. S., grants the police department of each chartered municipality the power to enforce the state's traffic laws only `on all streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle.' (Emphasis supplied.) See AGO 074-222 in which it was concluded that this section (formerly s. 316.016(3), F. S. 1973) does not empower a municipal police department to enforce the state's traffic laws outside its municipal boundaries. As shown in the above factual statement, the portion of the federal/state highway in question is without the corporate limits of the city.
It seems plain to me that the effect of the foregoing statutory provisions is that a municipality may exert policy power only over those territories, streets, and highways (except state roads) geographically located within its corporate boundaries. As the highway to which you refer in your letter is outside the legal corporate limits of the City or Orange City, I must conclude that no authority exists which would authorize the municipality to exercise its police powers on this highway.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General