LARRY G. SMITH, Judge.
This is an appeal from an order of the circuit court granting the Department’s motion for summary judgment on the grounds that sovereign immunity bars recovery by Pan-Am Tobacco Corporation (Pan-Am) for breach of contract as a matter of law. We affirm.
Early in 1978, Pan-Am entered into six identical vending machine contracts with six correctional centers under the jurisdiction of the Department. The contracts were each for a period of five years, and provided for the placement of vending machines at the centers containing candy, snacks, hot beverages, cold canned beverages and cigarettes. The contracts also provided for Pan-Am to pay commissions to the respective correctional centers on the vending machine sales. All of the contracts contained a provision that the institutions had the right to cancel the agreement upon sixty days written notice should Pan-Am’s service be deficient. However, the contracts further provided that this notice could be given only after Pan-Am had been advised in writing by the respective correctional institution of the deficiency, and had been given thirty days to correct the deficiency.
On May 23,1979, the Department’s superintendent of community facilities wrote Pan-Am a letter demanding that Pan-Am remove all its vending machines from the various correctional institutions within approximately thirty days from the date of the letter. Pan-Am removed the vending machines, then filed a six count complaint against the Department, alleging that the Department breached the vending machine contracts by failing to comply with the thirty-day notice provision. Pan-Am claimed damages for loss of income and profits for the balance of the terms of the contracts.
Pan-Am moved for partial summary judgment on the issue of liability, alleging that there was no dispute that the Department had not complied with the notice requirements. In response, the Department contended that sovereign immunity barred this action for breach of contract. The trial *1169 court agreed, and entered an order denying Pan-Am’s motion for partial summary judgment. Subsequently, upon motion of the Department, the court entered a summary judgment of dismissal upon the grounds that sovereign immunity bars any action by Pan-Am for damages arising from breach of contract.
Any analysis of the question of the State’s sovereign immunity from contract actions must begin with Article X, Section 13 of the Florida Constitution which provides:
Provision may be made by general law for bringing suit against the state as to all liabilities now existing or hereafter originating.
In past years, this language has been interpreted as providing absolute sovereign immunity to the state and its agencies from actions for breach of contract in the absence of a waiver by legislative enactment or constitutional amendment. Hampton v. State Board of Education, 90 Fla. 88, 105 So. 323 (1925). However, in 1953 the Supreme Court decided Gay v. Southern Builders, Inc., 66 So.2d 499 (Fla.1953), which was apparently interpreted by the bench and bar as permitting suit against the government on a contract theory. Then in Department of Natural Resources v. Circuit Court of the Twelfth Judicial Circuit, 317 So.2d 772 (Fla. 2nd DCA 1975), one of the key decisions in this area of the law, the Second District Court of Appeal revived the concept that sovereign immunity does apply to protect the state and its agencies from suits upon contracts. That case involved a suit by the parents of a child who was attacked and killed by an alligator while swimming in a lake located in a park operated and maintained by the Department of Natural Resources. The suit was brought on theories of negligence, strict liability, and breach of contract. The plaintiffs, citing Gay v. Southern Builders, Inc., urged that the state was no longer immune from suit for breach of contract. But the district court rejected this argument, explaining:
In Gay, supra, Southern Builders entered into a contract with the Board of Commissioners of State Institutions to construct certain buildings for the State of Florida. The Board took the position that the building was not constructed in accordance with the plans and specifications and Southern Builders contended that it was entitled to payment under the contract plus damages for breach of contract. Southern Builders filed a claim with and against the Board. Three persons were named, who were called arbitrators, and held hearings and investigations as to the contentions of the parties. They filed a report with the Board; whereupon, the Board approved for final payment the amounts as recommended by the arbitrators.
The claim as adopted by the Board was presented to the comptroller who paid all the claim except that portion which he decided was for tort arising out of breach of contract. Southern Builders filed suit against the comptroller for payment of the claim in full as it had been approved for final payment by the Board. The circuit court rendered judgment for Southern Builders and the comptroller appealed. We feel the Supreme Court affirmed the lower court on the basis that the claim was approved by the Board for payment; that there was a determination by the Board that the amount ordered paid was just and due by the State to Southern Builders; and that in effect the suit was not a suit against the State for breach of contract but was for the enforcement of a claim previously determined to be due and owing by the State. The suit was actually seeking to enforce the comptroller to comply with the Board’s directions.
There is dicta in the Gay case, supra, which could be interpreted as saying that the State and its agencies are not immune from suit for breach of contract. If this is what Gay, supra, holds, it is in direct conflict with a long precedent of law first set forth in 1895 in Bloxham v. Florida Cent. & P.R., 35 Fla. 625, 17 So. 902, followed by Hampton v. State Board of Education, 1925, 90 Fla. 88, 105 So. 323, and State v. Love, 1930, 99 Fla. 333, *1170 126 So. 374. We have found no case where our Supreme Court has held that under the facts and circumstances of this case the State or its agencies are not entitled to invoke sovereign immunity. 317 So.2d at 774-775.
Based upon its conclusion that the doctrine of sovereign immunity barred actions against the state for breach of contract, the Second District issued a writ of prohibition, holding that the trial court lacked subject matter jurisdiction and should have dismissed the suit. On appeal, the Florida Supreme Court quoted with approval the above language of the court of appeal, adopting this analysis as its own. Circuit Court of the Twelfth Judicial Circuit v. Department of Natural Resources, 339 So.2d 1113, 1116 (Fla.1976). Thus, in its latest pronouncement on the subject, the Florida Supreme Court has reaffirmed the principle that sovereign immunity exists as a bar to contract actions against the State and its agencies.
Nevertheless, Pan-Am urges that Circuit Court does not control this case since it was limited to its peculiar facts and circumstances. In that vein, appellant urges that under Circuit Court, sovereign immunity acts as a bar to suits on implied contracts but does not bar suits for breach of express contracts. Pan-Am also cites Interair Services, Inc. v. Insurance Company of North America, 375 So.2d 317 (Fla. 2nd DCA 1979), in support of its contention that sovereign immunity does not apply to bar recovery of damages for breach by a state agency of an express written contract.
We believe Pan-Am misapprehends the language in Circuit Court wherein the court “found no case where our Supreme Court has held that under the facts and circumstances of this case the state or its agencies are not entitled to invoke sovereign immunity.” 317 So.2d at 775 and 339 So.2d at 1116. Pan-Am contends that this language manifests the court’s intention to apply the doctrine of sovereign immunity only to bar actions on implied contracts. We disagree. This language as we interpret it, is merely a recognition by the court that there are cases in which the doctrine of sovereign immunity may not properly be invoked.[1] But the court then concludes that the facts and circumstances of Circuit Court do not fall within the parameters of these decisions. In our view, this language does not limit the application of sovereign immunity only to actions for breach of an implied contract.
In Interair Services, Inc., the court held that statutes empowering counties to lease airport premises to private parties, assume hangar maintenance obligations and enter into contracts to do so, constituted a waiver of sovereign immunity so as to permit an action by Interair to recover damages for loss of property in a fire caused by the county’s failure to perform its inspection and maintenance obligations under the lease. Although not a part of its holding, the Interair opinion in footnote 1, expressed the view (at the same time noting that it is an “extremely close question under Florida law”) that the doctrine of sovereign immunity does not apply to bar a contract action against a county based upon the breach of an express contract. Pan-Am understandably relies on this language for the proposition that the doctrine of sovereign immunity does not apply in this case as well. Again, we cannot agree.
We doubt that this language, tucked away in a footnote, has the force and effect *1171 suggested by Pan-Am. The facts of the case under consideration did not require the Second District to rule on whether sovereign immunity bars a breach of contract action against counties and it expressly refrained from doing so. See Interair footnote 1, 375 So.2d at 318. Our reluctance to follow this footnote language stems also from the suggestion, found in Circuit Court at 1115, that counties may be treated differently than the state and its agencies for purposes of the application of sovereign immunity.[2] However, we leave for another day and the appropriate case, a decision on this question.
This brings us to Pan-Am’s next argument, that even assuming the applicability of sovereign immunity, sections 20.-315(8)(b) and (11) Florida Statutes (1977),[3] and Rule 33-3.02(3), Florida Administrative Code,[4] provide a waiver of sovereign immunity from suit in this instance. We respectfully disagree. A waiver of sovereign immunity must be clear and unequivocal. Manatee County v. Town of Longboat Key, 365 So.2d 143, 147 (Fla.1978), Spangler v. Florida State Turnpike Authority, 106 So.2d 421 (Fla.1958). There is no express waiver of sovereign immunity in either of these sections. Nor will we infer a waiver from the general statutory language in these sections giving the Department’s Office of Management and Budget the responsibility of purchasing. Spangler, supra, at 424. The statutes in Interair, by contrast, explicitly authorized the county to enter into the contracts which formed the basis for the county’s alleged liability.
Finally, Pan-Am contends that the doctrine of fundamental fairness and estop-pel bar the Department from seeking to avoid liabilities arising out of its breach of express contracts voluntarily entered into by it, and from which it received benefits. In support of this contention, Pan-Am cites State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941). There the court refused to apply the doctrine of sovereign immunity to bar an action by a mill owner for damages caused by the state’s erection of a dam upriver from his mill which raised the water level of the river and reduced the efficiency of the mill by fifty percent. The court reasoned as follows:
If a State agency can deliberately trespass on and destroy the property of the citizen in the manner shown to have been done here and then be relieved from making restitution on the plea of nonliability of the State for . suit, then the constitutional guarantee of the right to own and dispose of property becomes nothing more than the tinkling of empty words. Such a holding would raise administrative *1172 boards above the law and clothe them with an air of megalomania that would eternally jeopardize the property right of the citizens. It would reverse the order of democracy in this country and head it into a blind alley.
* * # * * *
In the administration of constitutional guarantees, the State cannot afford to be other than square and generous. To deprive the citizen of his property by other than legal processes and depend on escape from the consequences under cover of the plea of nonsuability of the State is too anomalous and out of step with the spirit and letter of the law to claim protection under the Constitution.
Tharp, 1 So.2d at 869-870.
State Road Department of Florida v. Tharp, is easily distinguishable on its facts. The case involved the wrongful taking of property by the state, whereas this case simply involves an executory contract to provide a vending machine service which the state no longer desires to accept. We are not confronted with an executed contract where a private party has performed but the governmental agency refuses to perform its obligations. Upholding sovereign immunity is not so distasteful under these circumstances.
We decline to apply the doctrine of estoppel in this case. Pan-Am has failed to properly plead the elements of estoppel in its complaint or reply. Cf., Croft v. Young, 188 So.2d 859 (Fla. 1st DCA 1966). Further, estoppel is a remedy which has been sparingly invoked against the government and we see no reason to reverse the trend under the facts of this case.
In view of the considerable confusion which has been generated in this area of the law in past years, and the uncertainty of the applicability of the sovereign immunity defense to breach of contract actions generally, we certify to the Florida Supreme Court, pursuant to Rule 9.030(a)(2)(v), as a matter of great public importance, the following question:
When a state agency improperly rescinds an express executory contract with a private vendor who suffers a loss of profits as a consequence, may the State invoke sovereign immunity as a bar to an action on the breach of contract?
The judgment appealed from is AFFIRMED.
SHAW, J., concurs.
JOANOS, J., dissents in part and concurs in part.

. Examples of situations in which justice requires that sovereign immunity not be applied were set forth long ago by the Supreme Court in State Road Department of Florida v. Tharp, 146 Fla. 745, 1 So.2d 868 (1941):
Immunity of the State from suit does not afford relief against an unconstitutional statute or against a duty imposed on a state officer by statute, nor does it afford a state officer relief for trespassing on the rights of an individual even if he assumed to act under legal authority. It will not relieve the State against any illegal act for depriving a citizen of his property; neither will it be permitted as a plea to defeat the recover of land or other property wrongfully taken by the State through its officers and held in the name of the State. It will not be permitted as a City of refuge for a state agency which appropriates private property before the value has been fixed and paid.

. In distinguishing Butts v. County of Dade, 178 So.2d 592 (Fla. 3rd DCA 1965), the court said: “The case is immediately distinguishable from the instant decision, therefore, as involving a county rather than a state agency.” Circuit Court, 339 So.2d at 1115.

. Section 20.315(8)(b)10., Florida Statutes (1977), provides:
(8) OFFICE OF MANAGEMENT AND BUDGET.—
(b) The Office of Management and Budget shall be responsible for all department-wide functions in the areas of management services, financial services, and management analysis. Further responsibilities shall include, but not be limited to:

10. Purchasing.
Section 20.315(ll)(a)7., provides:
(11) REGIONAL OFFICE OF MANAGEMENT AND BUDGET.—
(a) There shall be an Office of Management and Budget in each region which shall provide the following administrative support functions to the regional office:

7. Purchasing.

.Rule 33-3.02(3), Florida Administrative Code provides:
Each institution shall provide a canteen or commissary to be operated within the institution for the convenience of the inmates in obtaining items which are not furnished them by The Department of Corrections, but which are allowable within the institution through canteen or commissary purchase. Proceeds from the operation of the canteen or commissary shall be deposited in the Welfare Trust Fund as provided by law ....
However, we decline to consider this rule as constituting a waiver of sovereign immunity since Article X, Section 13, authorizes waiver only by general law.