Mr. George W. Baldwin General Counsel Village of North Palm Beach 330 Federal Highway Lake Park, Florida 33403
Dear Mr. Baldwin:
You ask substantially the following question:
Pursuant to section 171.0413(5), Florida Statutes (1995), may public roadways and easements be included when determining the ownership of land for purposes of municipal annexation?
In sum:
Public roads within the state, county, and municipal road system may not be considered in the calculation of ownership of land by nonregistered elector owners pursuant to section 171.0413(5), Florida Statutes (1995).
According to your letter, the Village of North Palm Beach is considering annexing an area in which 70 percent of the land is owned by individuals, corporations, or "legal tenant entities" that are not registered electors. This 70 percent figure includes state, county and municipal roadway property. However, it is unclear to you whether it is appropriate to include these roadways within this calculation and you have asked for guidance from this office.
Chapter 171, Florida Statutes, is the "Municipal Annexation or Contraction Act."[1] The purposes of the act are to establish uniform procedures for adjusting municipal boundaries through annexation or contraction of corporate limits and to set forth criteria for determining when annexation or contraction is appropriate.[2]
Section 171.0413, Florida Statutes, provides that a municipality may annex contiguous, compact, unincorporated territory by using the procedures described in the statute. The statute requires the governing body of a municipality to adopt a nonemergency ordinance proposing the annexation of the territory.[3] The ordinance does not become effective, however, until at least 10 days after it has been approved by a majority of the registered electors in the area proposed to be annexed.[4] If a majority of the electors in the area to be annexed vote against annexation, the ordinance has no legal efficacy, and the area may not be the subject of another annexation attempt for at least 2 years.[5]
Subsection (5) of section 171.0413, provides that:
If more than 70 percent of the land in an area proposed to be annexed is owned by individuals, corporations, or legal entities which are not registered electors of such area, such area shall not be annexed unless the owners of more than 50 percent of the land in such area consent to such annexation. Such consent shall be obtained by the parties proposing the annexation prior to the referendum to be held on the annexation.
In Attorney General's Opinion 80-100 (1980) this office concluded that a municipality may not annex a federal highway, which was also designated a state road, pursuant to the provisions of section 171.0413, Florida Statutes (1980 Supp.). This conclusion was based on an application of the general rule with respect to determining whether a statute applies to the state and its agencies and subdivisions.
The general rule is that "[s]tatutory provisions which are written in such general language as to make them reasonably susceptible to being construed as applicable alike both to the government and to private parties are subject to a presumptive rule of construction which exempts the government from their operation in the absence of other particular indicia supporting a contrary result in particular instances."[6] The rule applies as well to counties and municipalities and is applied with special force to statutes that would impair or divest the rights, titles, or interests of the government.[7]
Further, with regard to transferring the jurisdiction of public roads from one governmental entity to another, section335.0415(3), Florida Statutes (1995), provides that "[p]ublic roads may be transferred between jurisdictions only by mutual agreement of the affected governmental entities." This provision would appear to prohibit the transfer of jurisdiction over public roads in any other manner, including annexation.[8]
In light of the above, it is my opinion that the Village of North Palm Beach may not include these roadways or easements in the calculation of land ownership pursuant to section 171.0413(5), Florida Statutes (1995).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 171.011, Fla. Stat. (1995).
[2] Section 171.021, Fla. Stat. (1995). And see, SCA Services of Florida, Inc. v. City of Tallahassee, 418 So.2d 1148 (Fla. 1st DCA 1982), rev. den. 427 So.2d 737 (1983) (statutes provide clearly defined and exclusive method by which annexation can be accomplished).
[3] Section 171.0413(1), Fla. Stat. (1995).
[4] Id.
[5] Section 171.0413(2)(e), Fla. Stat. (1995).
[6] 3 Sutherland Statutory Construction s. 62.01 (4th Ed. 1974). And see generally, 82 C.J.S. Statutes s. 317.
[7] See, Duval County v. Charleston Lumber Manufacturing Company, 33 So. 531 (Fla. 1903) (county not subject to garnishment proceeding unless made so by express statutory provision); State v. Peninsular Telephone Company, 75 So. 201 (Fla. 1917) (a city or county, being a governmental as well as a corporate entity, is in its governmental capacity not a "person or corporation" within the meaning and intent of s. 364.01 et seq., providing for regulation of telegraph and telephone companies by the former railroad commission); State v. Gordon Brothers Concrete, Inc.,339 So.2d 1156 (Fla. 2d DCA 1976) (garnishment statute did not provide statutory authority for waiver of state's immunity in garnishment proceeding); City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949) (the term "corporations" in a statute does not ordinarily include municipal corporations, and the term "persons" in a statute does not ordinarily include municipal corporations, unless they are expressly included or unless a clear legislative intent that they be included is expressed in the context); and Ops. Att'y Gen. Fla. 80-68 (1980) and 74-261 (1974).
[8] It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 805-806
(Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).