Ms. Deborah Kearney General Counsel Department of State The Capitol Tallahassee, Florida 32399-0250
Dear Ms. Kearney:
You have requested my opinion on the following question:
Is a state agency authorized to obtain a trademark in order to protect a particular program name?
In sum:
Florida law currently criminalizes the misuse or deceptive use of state agency seals or logos and state statutes provide limited authority to specific state agencies to secure or hold trademarks. However, a state agency may not secure or hold a trademark in the absence of such specific statutory authority nor is the Department of State authorized to obtain or hold a trademark on behalf of a state agency without such specific authority.
Florida law currently criminalizes the misuse or deceptive use of seals or stationery designed to simulate the seal of the state or the stationery of a state agency in order to lead the recipient to believe that the same is genuine.[1] Thus, logos or seals developed by state agencies are afforded protection against misuse under current provisions of Florida law.
The Department of State is charged with responsibilities regarding title to patents, trademarks, and copyrights held in the name of the State of Florida. In this capacity, the Department of State has recently been contacted by a state agency attorney to request assistance in securing the additional safeguard of trademark protection for a program name.
Chapter 495, Florida Statutes, entitled "Registration of Trademarks and Service Marks," defines the term "[t]rademark" as
"any word, name, symbol, character, design, drawing or device or any combination thereof adopted and used by a person to identify goods made or sold by her or him and to distinguish them from goods made or sold by others."[2]
As provided in part in section 495.027(1), Florida Statutes:
"A person who has a bona fide intention, under circumstances showing the good faith of such person, to use a mark in connection with the sale within this state of goods or services, or both, may reserve the right to register a mark in this state in connection with particular types of goods or services, subject to the limitations of this chapter, by delivering to the Department of State, on a form furnished by the department, a request to reserve a specified mark."
A "[p]erson" for purposes of this chapter is defined to mean "any individual, firm, partnership, corporation, association, union or other organization."[3] Thus, the definition of a "person" for purposes of Chapter 495, Florida Statutes, does not include the state or state agencies.[4]
In general, statutory provisions that are written in such general language that they are reasonably susceptible to being construed as applicable both to the government and to private parties are subject to a rule of construction that exempts the government from their operation, unless there are particular reasons for a contrary result.[5] Under this general rule, the state would not be included by implication within the scope of the term "person" as it is used in Chapter 495, Florida Statutes.
With regard to copyrights, this office has previously considered the authority of a public officer to obtain a copyright for material produced by that office in connection with the transaction of official business. In Attorney General's Opinion 86-94, this office concluded that in the absence of specific statutory authorization, the clerk of the circuit court was not authorized to copyright computer programs for certain financial and accounting functions. Similarly, in Attorney General's Opinion 88-23, this office concluded that a state attorney had no statutory authority to copyright material prepared by that office. Nor could it be concluded that copyrighting this material was essential to, or necessary for, the implementation of an express power or duty of the state attorney. In the absence of any statutory authority for the state attorney to copyright material produced by his or her office, the opinion concluded that a state attorney may not take such action. These considerations would appear to apply equally to trademarks.
A number of state agencies have specific statutory authority to hold and enforce trademarks: section 24.105(11), Florida Statutes, authorizes the Department of the Lottery to "hold copyrights, trademarks, and service marks and enforce its rights with respect thereto"; section 267.072(1)(d)3.a.(III), Florida Statutes, provides that the Division of Historical Resources of the Department of State "may exercise the right of trademark over the terms `Great Floridian' or `Great Floridians'"; and section267.061(3)(n)5., Florida Statutes, provides that the Division of Historical Resources "may exercise the right of trademark over the terms `Florida Heritage' or `Heritage Florida'".[6] Clearly, the Legislature considered it necessary to grant specific statutory authority to these state agencies to hold and enforce trademarks.[7]
Finally, sections 286.021 and 286.031, Florida Statutes, vest general authority in the Department of State (department) to apply for, hold and enforce legal title to trademarks, patents, and copyrights on behalf of the State of Florida. Pursuant to section286.021, Florida Statutes:
"The legal title and every right, interest, claim or demand of any kind in and to any patent, trademark or copyright, or application for the same, now owned or held, or as may hereafter be acquired, owned and held by the state, or any of its boards, commissions or agencies, is hereby granted to and vested in the Department of State for the use and benefit of the state; and no person, firm or corporation shall be entitled to use the same without the written consent of said Department of State."
Section 286.031, Florida Statutes, authorizes the department to enforce the state's rights to trademarks and copyrights:
"The Department of State is authorized to do and perform any and all things necessary to secure letters patent, copyright and trademark on any invention or otherwise, and to enforce the rights of the state therein; to license, lease, assign, or otherwise give written consent to any person, firm or corporation for the manufacture or use thereof, on a royalty basis, or for such other consideration as said department shall deem proper; to take any and all action necessary, including legal actions, to protect the same against improper or unlawful use or infringement, and to enforce the collection of any sums due the state and said department for the manufacture or use thereof by any other party; to sell any of the same and to execute any and all instruments on behalf of the state necessary to consummate any such sale; and to do any and all other acts necessary and proper for the execution of powers and duties herein conferred upon said department for the benefit of the state."
When considering the scope of these sections and their interaction, this office has stated that:
"The statute [section 286.021, Florida Statutes] is unambiguous that such title vests regardless of whether such property, right or interest is held or owned now or hereafter by any other state agency. This section, together with the following one (s. 286.031, F.S.) makes clear that all responsibility with regard to the development of state patents and the collection of rents or royalties from them, as well as `. . . all action necessary . . . to protect the same against improper or unlawful use . . .' resides in the [Department of State] `for the use and benefit of the state.' There is no doubt that a trust relationship is created."[8]
At the time this opinion was authored, the Board of Trustees of the Internal Improvement Trust Fund, that is, the Governor and Cabinet, was the state agency authorized by sections 286.021 and286.031, Florida Statutes, to hold all state patents, copyrights, and trademarks. However, with the exception of the designation of an agency to administer these provisions, the substance of these two statutes has not changed since their original adoption in 1943.[9]
Thus, the provisions of sections 286.021 and 286.031, Florida Statutes, reflect the administrative responsibilities of the Department of State with regard to patents, copyrights, and trademarks when any agency applies for and receives such rights. Nothing in these sections would authorize the Department of State to apply for trademarks on behalf of an agency that could not demonstrate independent statutory authority for securing a trademark.
Therefore, it is my opinion that a state agency is not authorized to secure or hold a trademark in the absence of specific statutory authority to do so, nor is the Department of State authorized to obtain and hold a trademark on behalf of a state agency without such specific statutory authority.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, e.g., ss. 817.38, 817.39 and 506.13, Fla. Stat.
[2] Section 495.011(1), Fla. Stat.
[3] Section 495.011(7), Fla. Stat.
[4] Compare, s. 120.52(13), Fla. Stat., defining "[p]erson" as "any person described in s. 1.01, any unit of government in or outside the state, and any agency described in subsection (1)."; s. 63.032(6), Fla. Stat., defining "[p]erson" for purposes of the adoption statutes to include "a natural person, corporation, government or governmental subdivision or agency, business trust, estate, trust, partnership, or association, and any other legal entity."
[5] See, 3 Sutherland Statutory Construction s. 62.01 (5th Ed. 1999). See generally, 82 C.J.S. Statutes s. 317; City of St.Petersburg v. Carter, 39 So.2d 804 (Fla. 1949) (the term "corporations" in a statute does not ordinarily include municipal corporations, and the term "persons" in a statute does not ordinarily include municipal corporations, unless they are expressly included by apt words or unless a clear legislative intent that they be included is expressed in the contest); Statev. Gordon Brothers Concrete, Inc., 339 So.2d 1156 (Fla. 2d DCA 1976) (garnishment statute did not provide statutory authority for waiver of state's immunity in garnishment proceeding); Ops. Att'y Gen. Fla. 86-94 (1986), 80-100 (1980), and 74-261 (1974).
[6] For other examples of state agencies with trademark authority see, s. 601.101, Fla. Stat., providing such authority to the Department of Citrus; s. 334.049(1), Fla. Stat., relating to the authority of the Department of Transportation; and s. 240.229(1), Fla. Stat., providing trademark authority for each state university.
[7] Compare, s. 601.101, Fla. Stat., authorizing the Department of Citrus "[n]otwithstanding any provision of chapter 286" to apply for, own or hold trademarks; s. 334.049(1), Fla. Stat., stating that the Department of Transportation is authorized "[n]otwithstanding any other provision of law to the contrary . . . to: secure letters of patent, copyrights, and trademarks on any legitimately acquired work products, and to enforce its rights therein"; and s. 240.229, Fla. Stat., which authorizes each state university "[a]ny other law to the contrary notwithstanding . . . to: (1) Perform all things necessary to secure letters of patent, copyrights, and trademarks on any work products and to enforce its rights therein." Thus, a number of state agencies have been legislatively authorized to secure trademarks, notwithstanding the directives of Ch. 286, Fla. Stat.
[8] Attorney General's Opinion 71-298 (1971).
[9] See, Ch. 21959, Laws of Florida (1943).